PERRY TOWNSHIP BOARD OF TRUSTEES, APPELLEE, *v.* FRANKLIN COUNTY BOARD OF ZONING APPEALS ET AL., APPELLEES; DONREY OUTDOOR ADVERTISING CO., APPELLANT.

(No. 82AP-944—Decided June 9, 1983.)

Messrs. *Loveland & Brosius* and *Mr. Donald F. Brosius,* for appellee Perry Twp. Bd. of Trustees.

*Mr. Michael Miller,* prosecuting attorney, and *Mr. Dale Williams, Jr.,* for appellee Franklin Cty. Bd. of Zoning Appeals.

*Mr. Paul Doran, pro se.*

*Moots, Cope & Weinberger Co., L.P.A.,* and *Mr. Robert M. Weinberger,* for appellant Donrey Outdoor Advertising Co.

NORRIS, J. Donrey Outdoor Advertising Co. appeals from a judgment rendered by the court of common pleas in an appeal from a decision of the Franklin County Board of Zoning Appeals, the judgment reversing the board, ordering revocation of Donrey's certificate of zoning, and ordering removal of the billboard which was the subject of the controversy.

Donrey's predecessor, Columbus Outdoor Advertising Co., obtained a zoning certificate from Joseph Havranek, Executive Secretary of the Franklin County Rural Zoning Commission, which permitted the construction of a billboard on a site owned by Paul Doran in Perry Township. Construction was commenced on the billboard immediately after issuance of the zoning certificate. Within several days, John Shonkwiler, in his capacity as a trustee of Perry Township, filed a notice of appeal with the Franklin County Board of Zoning Appeals, complaining that the zoning certificate was issued in violation of visibility requirements of the county zoning resolution.

After hearing arguments of counsel, the board voted to "uphold the zoning officer."

The matter was then appealed to the court of common pleas which reversed the board.

Donrey raises these assignments of error:

"1. The court below committed error by determining that appellee Perry Township Board of Trustees and John Shonkwiler, its president, are proper parties to prosecute an appeal to the Board of Zoning Appeals from the action of the administrative officer issuing a certificate of zoning compliance since they were not 'aggrieved' by the action of the administrative officer.

"2. The court below committed error by determining that appellee, Perry Township Board of Trustees, is a proper party to the appeal to the Board of Zoning Appeals from the action of the administrative officer since the board failed to take the procedural steps necessary to

protect any right of appeal as it may have had.

"3. The court below committed error by determining that appellee, Perry Township Board of Trustees, and John Shonkwiler, its president, were proper parties to the appeal to the Court of Common Pleas from the decision of the Franklin County Board of Zoning Appeals.

"* * *"

Because the * * * assignments of error concern appellee's standing below, they will be considered together.

The notice of appeal to the board of zoning appeals from the decision of the executive secretary of the rural zoning commission was filed by "John Shonkwiler in his capacity as a Trustee of Perry Township." At the hearing, counsel for appellee addressed the board "[o]n behalf of Perry Township." Shonkwiler addressed the board on behalf of the trustees. The notice of appeal to the court of common pleas from the decision of the board of zoning appeals bears a caption listing "Perry Township Board of Trustees, John Shonkwiler, President," as the "Plaintiff-Appellant," and begins with a statement that:

"The Appellant, John Shonkwiler, President of the Perry Township Board of Trustees, states that he is a person aggrieved and/or an officer of the county affected by a decision of the Franklin County Board of Zoning Appeals rendered on June 15, 1981. * * * Appellant herein gives written notice that it is appealing to the Court of Common Pleas of Franklin County, Ohio from the decision of the Franklin County Board of Zoning Appeals in said case."

It is signed by attorneys who list their capacity as "Attorneys for Appellant, the Perry Township Board of Trustees."

The general rule is that, in the absence of constitutional or statutory authority, there is no inherent right to appeal from the order of an administrative agency. See *Corn* v. *Board of Liquor Con-*

*trol* (1953), 160 Ohio St. 9 [50 O.O. 479]. Appeals to county boards of zoning appeals are authorized by R.C. 303.15, which provides in part that:

"Appeals to the board of zoning appeals may be taken by any person aggrieved or by any officer of the county affected by any decision of the administrative officer. * * *"

It is apparent from the notice of appeal to the board and from the record of the hearing, that the Perry Township Board of Trustees was considered the party appealing the decision of Havranek, with Shonkwiler acting solely in an official capacity as agent of the board. In the notice of appeal to the court of common pleas, Shonkwiler apparently asserted that in his capacity as president of the board he was also "an officer of the county." In its brief filed in the court of common pleas, the board of zoning appeals challenged the standing of the board of trustees to prosecute the appeal. In its response, the board of trustees argued that it was an "aggrieved person" entitled to bring the appeal. Shonkwiler did not assert that he was seeking standing to appeal in his individual capacity as a party aggrieved.

Clearly, a township trustee is not an "officer of the county" as contemplated by the statute. Accordingly, the question is whether the township board of trustees had standing to appeal, as a "person aggrieved." We conclude that the board of trustees was not among those enumerated by the statute as having standing to appeal. The plain language of the statute differentiates between "persons aggrieved" and the only class of government officials granted standing — county officers. Had the General Assembly intended to confer standing upon officers of any other government body, it could easily have done so. It is interesting to note that, in enacting R.C. 519.15 concerning appeals to township zoning boards of appeals (in those townships where township zoning has been adopted), the General

Assembly likewise limited standing to appeal to one class of government officials — officers of townships. Obviously, under that statute, county officers would not have standing to appeal.

In its decision reversing the board of zoning appeals, and finding that the board of trustees was a proper party, the court of common pleas relied upon the Supreme Court's opinion in *Roper* v. *Bd. of Zoning Appeals* (1962), 173 Ohio St. 168 [18 O.O.2d 437]. In that case, the question was not whether a government body or officer possessed standing to appeal to the court of common pleas, but whether an individual who was a resident and property owner could appeal to that court. The Supreme Court found the requisite standing, based upon the individual having appeared before the board of zoning appeals to oppose the zoning change. In addition, the statute construed, a former version of R.C. 519.15, was considerably different in wording than R.C. 303.15.

Because the Perry Township Board of Trustees did not possess standing to appeal to the board of zoning appeals, and therefore had no standing to appeal to the court of common pleas, the * * * assignments of error are sustained.

Our decision does not, of course, mean that appellant has a license to violate the zoning resolution if, in fact, the billboard violates visibility requirements, any more than issuance of a zoning certificate permits its recipient to violate the zoning resolution by improperly constructing the structure for which a certificate was issued. If noncompliance in fact exists, then remedies are available for enforcement of the zoning resolution.

The * * * assignments of error are sustained, * * * the judgment of the court of common pleas is reversed, and this cause is remanded to the court of common pleas with instructions to vacate its judgment and dismiss the appeal from the board of zoning appeals.

*Judgment reversed and cause remanded.*

WHITESIDE, P.J., and STRAUSBAUGH, J., concur.