**THE STATE ex rel. CITIZENS FOR VAN METER et al., Appellees,**

**v.**

**OHIO ELECTIONS COMMISSION, Appellant.**

[Cite as *State ex rel. Citizens for Van Meter v. Ohio Elections Comm.* (1992), 78 Ohio App.3d 289.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–931.

Decided Feb. 11, 1992.

*Lewis & Spencer* and *Scott Spencer,* for appellees.

*Lee Fisher,* Attorney General, *Catherine M. Cola* and *Theresa Rittinger Schaefer,* Assistant Attorneys General, for appellant.

PETREE, Judge.

This is an appeal from a judgment of the Franklin County Court of Common Pleas which granted a writ of mandamus against respondent, Ohio Elections Commission. In this appeal, the commission presents one assignment of error:

"The trial court erred when it imposed the procedural requirements set forth in R.C. 119.09 on the OEC, requiring it to issue, by certified mail, certified copies of its decision to deny attorney fees."

The stipulated and undisputed facts before this court are as follows. Relator Citizens for Responsible State Government is an Ohio political action committee and relator Citizens for Van Meter is an Ohio political campaign committee for Thomas Van Meter. On April 13, 1989, relators filed a complaint in the common pleas court seeking to compel the commission to send them, via certified mail, return receipt requested, a certified copy of the commission's November 21, 1988 decision denying relators' motions for attorney fees. The trial court granted the writ.

The administrative decision denying attorney fees arises from the following events. In 1987, the Ohio Secretary of State referred several cases to the commission for investigation of alleged violations of the election laws. One case involved Citizens for Responsible State Government and one case involved Citizens for Van Meter. After investigation, the commission dismissed both cases in May 1988. In September 1988, relators filed motions under R.C. 119.092 and Ohio Adm.Code 111:1-1-18 for attorney fees. The commission voted to deny both motions on November 21, 1988. As a result, the commission's staff counsel sent two letters via regular mail to relators' counsel on December 15, 1988. These letters, received by relators' counsel on December 19, 1988, indicated that the commission had denied the requested attorney fees at the commission's November 21, 1988 meeting. Relators were not provided with any certified copy of the commission's decision, any other notice of decision, or any instructions on the method by which they could perfect an appeal from the commission's decision.

Nevertheless, relators filed notices of appeal pursuant to R.C. 119.12 with the commission on December 30, 1988. It was not until January 9, 1989 that relators filed notices of appeal with the Franklin County Court of Common Pleas. This was ten days after the R.C. 119.12 mandatory fifteen-day time period for filing such notices had elapsed. To preserve any right to appeal, relators' counsel sent a letter to the commission requesting compliance with the notice requirements of R.C. 119.12, the United States and Ohio Constitutions, and the Ohio Supreme Court's decision in *Sun Refining & Marketing Co. v. Brennan* (1987), 31 Ohio St.3d 306, 31 OBR 584, 511 N.E.2d 112. The commission has never responded to this letter.

■ On April 11, 1989, relators' R.C. 119.12 administrative appeals were dismissed. On August 9, 1991, the trial court granted relators a writ of mandamus ordering the commission to send relators certified copies of its decision regarding attorney fees, via certified mail, return receipt requested. In its decision the court reasoned:

"Whether or not Relator ultimately prevails is irrelevant to the issue here. A party affected by a Decision of an administrative agency should receive notice of that decision in a proper manner, as required by law. Plaintiff-Relator may or may not be entitled to attorney fees, but it is entitled to proper notice of a Decision denying them, so that appeal from that Decision may be properly commenced."

Three requirements must be established to issue a writ of mandamus: (1) relator has a clear legal right to the relief requested; (2) respondent is under a clear legal duty to perform the act requested; and (3) relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v.*

*McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225. Here, the commission maintains that the trial court's issuance of mandamus to compel certified mail notice of the agency's official decision was erroneous, as neither statutory nor constitutional law clearly requires this procedure.

The trial court's holding appears to be predicated on certain language in *Sun Refining & Marketing, supra.* In that case, the Ohio Supreme Court held in the syllabus that "[t]he fifteen-day appeal period provided in R.C. 119.12 does not commence to run until the agency whose order is being appealed fully complies with the procedural requirements set forth in R.C. 119.09." As Justice Locher noted in his opinion for the court, R.C. 119.09 requires service of the certified order of the agency by certified mail, return receipt requested. *Id.,* 31 Ohio St.3d at 308, 31 OBR at 585, 511 N.E.2d at 114. Citing *Procter v. Giles* (1980), 61 Ohio St.2d 211, 15 O.O.3d 227, 400 N.E.2d 393, and this court's opinion in *In re Haddix* (June 13, 1985), No. 85AP–124, unreported, 1985 WL 10323, Justice Locher went on to reason that due process is not satisfied when an affected party does not receive a copy of an agency decision as required by statute. If this were not true, Justice Locher wrote, then a party could conceivably lose a right to appeal before receiving any official notice of an agency's decision. *Id.,* 31 Ohio St.3d at 309, 31 OBR at 586, 511 N.E.2d at 115.

█ In the present case, we must agree with the commission and conclude that the *Sun Refining* case and the authorities cited therein are not controlling or dispositive. Relators could not be deprived of an appeal by virtue of the commission's noncompliance with any statutory service requirements because there is no appeal in this instance pursuant to R.C. 119.12 or otherwise. Further, because relators have no right to appeal, they have no interest to be protected by due process. Therefore, the Constitution could not be violated.

█ Our analysis of the commission's arguments must begin with the well-recognized principle that, in absence of constitutional or statutory authority, there is no inherent right to appeal from an order of an administrative agency. *Perry Twp. Bd. of Trustees v. Franklin Cty. Bd. of Zoning Appeals* (1983), 10 Ohio App.3d 103, 104, 10 OBR 126, 127, 460 N.E.2d 698, 699; *Corn v. Bd. of Liquor Control* (1953), 160 Ohio St. 9, 50 O.O. 479, 113 N.E.2d 360. While the Ohio Administrative Procedure Act provides in R.C. 119.12 for an appeal to the common pleas court from many administrative agency decisions, under R.C. 119.01(A) only certain agencies and agency functions are subject to this appeal and its corresponding procedural rules. In this regard, it is firmly established that an agency or agency action will not qualify for an R.C. 119.12 appeal unless (1) the agency is specifically named in R.C. 119.01(A), (2) the

agency action involves licensing functions of the agency, or (3) some other statute specifically makes the agency or agency action subject to R.C. 119.12. *Plumbers & Steamfitters Commt. v. Ohio Civil Rights Comm.* (1981), 66 Ohio St.2d 192, 20 O.O.3d 200, 421 N.E.2d 128; *Asphalt Specialist, Inc. v. Ohio Dept. of Transp.* (1988), 53 Ohio App.3d 45, 557 N.E.2d 1224; *Augustine v. Ohio Dept. of Rehab. & Corr.* (1981), 3 Ohio App.3d 398, 3 OBR 464, 445 N.E.2d 706; *Fair v. School Employees Retirement Sys.* (1975), 44 Ohio App.2d 115, 73 O.O.2d 101, 335 N.E.2d 868.

Here, the commission is not specifically named in R.C. 119.01(A). Further, the commission did not carry on any licensing function in this case. Moreover, neither the commission's enabling act nor any other statute specifically makes the commission or the commission's action here subject to R.C. 119.12.

R.C. 3517.14 creates the five-member Ohio Elections Commission and provides for appointment by the Ohio Secretary of State. This provision does not mention R.C. Chapter 119 in any fashion. While R.C. 3517.15(A) requires the Secretary of State to adopt necessary procedural rules under R.C. Chapter 119 to administer and enforce R.C. 3517.08 to 3517.14, this rulemaking function of the Secretary of State bears no relation whatsoever to the adjudicatory action of the commission at issue in this case.

Generally, proceedings before the commission are governed by R.C. 3517.-15(B), which provides:

"Upon presentation to the Ohio elections commission of an affidavit of any person, made on personal knowledge and subject to the penalties for perjury, setting forth any failure to comply with or any violation of sections 3517.08 to 3517.13, 3517.17, or 3517.18 of the Revised Code, the commission shall proceed to an investigation of the charges made in the affidavit.

"If the commission finds a violation, it shall do only one of the following:

"(1) Impose a fine not to exceed the fine specified pursuant to section 3517.991 of the Revised Code;

"(2) Report its findings to the appropriate prosecuting authority, which shall institute such civil or criminal proceedings as are appropriate;

"(3) Enter a finding that good cause has been shown for the commission not to impose a fine or report its findings to the appropriate prosecuting authority.

"Any person adversely affected by the action of the commission under division (B)(1) of this section may appeal from such action in accordance with section 119.12 of the Revised Code."

██ The last sentence of this section makes it apparent that the only commission action appealable pursuant to R.C. 119.12 is the actual imposition

of a fine under R.C. 3517.15(B)(1). That is, if the commission does not impose a prescribed penalty, then there is no R.C. 119.12 appeal at all. Plainly, there is nothing in this statute which suggests that the legislature intended the service requirements of R.C. 119.09 or the attorney fees provisions of R.C. 119.092 to be applicable when the commission does not find a violation of the election laws.

The general lack of any appeal from commission decisions makes sense because, by and large, the commission acts in an investigatory capacity, much like a prosecutor or grand jury. See *Dewine v. Ohio Elections Comm.* (1978), 61 Ohio App.2d 25, 15 O.O.3d 28, 399 N.E.2d 99. Typically, when an agency conducts such investigations and does not find a violation of the law, this determination is not subject to any judicial review because it is not an adjudication. *Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME, AFL–CIO v. Dayton City School Dist. Bd. of Edn.* (1991), 59 Ohio St.3d 159, 572 N.E.2d 80; *Hanson v. Fabe* (Dec. 10, 1991), Franklin App. No. 91AP–435, unreported, 1991 WL 268739. Consequently, it would not make sense to require R.C. 119.09 certified mail notice of an agency's official order to enable an affected party to perfect an appeal—because there is no appeal to perfect in any event.

The applicable administrative code rules governing commission procedure directly support our conclusions in this case. Relators' motions for attorney fees were based in part on Ohio Adm.Code 111:1–1–18, which provides:

"In any action before the commission, if the allegations of the person who filed the complaint are not proved, the commission may find that the complaint is frivolous and may order the complainant to pay costs. In this event, the complainant may be required to pay such costs of the commission as would be assessed for the same services in a civil action before the court of common pleas. Such costs paid to the commission shall be deposited in the general revenue fund of the state."

Even if this statute authorized attorney fees as costs awardable to private parties, which we seriously doubt, there is no provision for an appeal from the denial of attorney fees and, furthermore, there is no provision requiring certified mail notice of any denial. Nor is there any other applicable rule of administrative procedure in the Administrative Code requiring such service.[1]

---

1. The only language in the Administrative Code pertaining to certified mail service for the commission's official actions is in Ohio Adm.Code 111:1–1–03(I) (dealing with the imposition of a fine on preliminary review of allegations) and 111:1–1–04(A) (dealing with notices of hearing).

In short, since there is no substantive right to appeal or review in this case whatsoever, it follows that due process was not violated when the commission failed to notify relators of the denial of attorney fees by certified mail. Simply put, relators have no private interest entitled to due process protection. See *Mathews v. Eldridge* (1976), 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18.

Respondent's assignment of error is well taken. Respondent did not have any clear legal duty to perform the act requested. The trial court erred in granting the writ of mandamus in this case.

For the foregoing reasons, the assignment of error is sustained. The judgment of the trial court is reversed.

*Judgment reversed.*

JOHN C. YOUNG and TYACK, JJ., concur.