BROWN et al., Appellants; Sunset Inn, Inc. et al.,

v.

OHIO DEPARTMENT OF TRANSPORTATION, Appellee.

[Cite as *Brown v. Ohio Dept. of Transp.* (1992), 83 Ohio App.3d 879.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–781.

Decided Nov. 24, 1992.

880

*Young, Caldwell & Bubp* and *John B. Caldwell,* for appellants.

*Lee Fisher,* Attorney General, *Ronald H. Snyder* and *Frederick C. Schoch,* Assistant Attorneys General, for appellee Ohio Department of Transportation.

PETREE, Judge.

Appellants, Bernard Brown and Bonnie Brown, appeal from a decision of the Franklin County Court of Common Pleas granting appellee Ohio Department of Transportation's motion to dismiss for lack of jurisdiction. Appellants assert the following assignments of error:

1. "The Ohio Department of Transportation is subject to O.R.C. Chapter 119 and is subject to the Administrative Procedure Act."

2. "The Ohio Department of Transportation has failed to give any administrative rights or remedies to the servient land owners, the Plaintiffs–Appellants."

3. "The Plaintiffs–Appellants have been denied due process."

4. "The decision of the Trial Court is against the manifest weight of the evidence and the record."

Appellants own a motel business in Adams County, Ohio. On February 25, 1992, Jerry Wray, Director of Transportation, filed a journal entry with the Adams County Clerk of Courts. The entry was served on appellants by the Adams County Sheriff's Office. The entry stated appellants owned certain obstructions located on a right-of-way owned by the Ohio Department of Transportation. The right-of-way ran through appellants' land. Wray further found and determined that said obstructions constituted a violation of R.C. 5515.02 and,

therefore, ordered appellants to remove a swimming pool, parking lot, landscaping, flag pole, motel sign and light pole. Appellants filed an administrative appeal pursuant to R.C. 119.12 with the Franklin County Court of Common Pleas. The trial court dismissed the action on appellee's motion for lack of jurisdiction over the subject matter. Appellants filed a timely appeal.

The threshold question in this matter is whether appellants have the right to challenge appellee's order by means of an R.C. 119.12 appeal. R.C. 119.12 reads in pertinent part:

"Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture under section 4301.252 of the Revised Code, may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident, provided that appeals from decisions of the liquor control commission may be to the court of common pleas of Franklin county and appeals from decisions of the state medical board, chiropractic examining board, and board of nursing shall be to the court of common pleas of Franklin county. If any such party is not a resident of and has no place of business in this state, he may appeal to the court of common pleas of Franklin county.

"Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, except that appeals from orders of the fire marshal issued under Chapter 3737. of the Revised Code may be to the court of common pleas of the county in which the building of the aggrieved person is located."

■ An agency action does not qualify for an appeal pursuant to this section unless: (1) the agency is specifically named in R.C. 119.01(A); (2) the agency action involves licensing functions of the agency; or (3) some other statute specifically makes the agency or agency action subject to R.C. 119.12. *Plumbers & Steamfitters Commt. v. Ohio Civ. Rights Comm.* (1981), 66 Ohio St.2d 192, 421 N.E.2d 128; *Asphalt Specialist, Inc. v. Ohio Dept. of Transp.* (1988), 53 Ohio App.3d 45, 557 N.E.2d 1224; *Augustine v. Ohio Dept. of Rehab. & Corr.* (1981), 3 Ohio App.3d 398, 3 OBR 464, 445 N.E.2d 706; *Fair v. School Emp. Retirement Sys.* (1975), 44 Ohio App.2d 115, 73 O.O.2d 101, 335 N.E.2d 868; *State ex rel. Citizens for Van Meter v. Ohio Elections Comm.* (1992), 78 Ohio App.3d 289, 604 N.E.2d 775. The Department of Transportation is not specifically mentioned in R.C. 119.01, so the court next examines to see if a licensing function of the agency is involved.

■ Appellants argue that R.C. 5515.02 references the licensing authority granted to the Director of Transportation by R.C. 5515.01 and, therefore, all orders of removal made pursuant to R.C. 5515.02 are subject to R.C. 119.12 appeals. This court finds that appellants' argument is without merit. R.C. 119.12 allows a party affected by any order of an agency, issued pursuant to an adjudication " * * * denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license," to appeal the order of the agency to the common pleas court. In the present case, no license was ever applied for nor is there evidence of any license revocation or suspension.

While the agency's action of denying a license would be subject to an R.C. 119.12 appeal, this does not subject all agency actions to R.C. Chapter 119. It is clear that some agency actions are expressly subject to R.C. Chapter 119 (see R.C. 5515.07), however this only serves to emphasize that the legislature intended only some actions by appellee to be subject to R.C. Chapter 119. This court will not interpret R.C. 5515.02 as appellants suggest. Unless an actual denial or revocation of a state issued license is at issue, actions under R.C. 5515.02 do not involve a licensing function as contemplated by R.C. Chapter 119.

■ The final method by which appellants qualify to file an administrative appeal is if the order of appellee to remove the obstructions is the result of an "adjudication." An "adjudication" is defined as " * * * the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person * * *." R.C. 119.01(D). In the absence of an "adjudication" as defined in R.C. 119.01(D), the right to notice and hearing does not obtain and, consequently, in such a case the court lacks jurisdiction to review actions taken by a state administrative agency. *State ex rel. Bd. of Edn. v. State Bd. of Edn.* (1978), 53 Ohio St.2d 173, 7 O.O.3d 357, 373 N.E.2d 1238. An act which is an adjudication is quasi-judicial in nature. A quasi-judicial proceeding involves the exercise of discretion, notice, hearing, an opportunity to introduce testimony through witnesses, and a finding or decision made in accordance with statutory authority. *In re Seltzer* (May 19, 1992), Franklin App. No. 91AP–677, unreported, 1992 WL 113142, appeal pending in case No. 92–1400, citing *M.J. Kelly Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 61 O.O.2d 394, 290 N.E.2d 562. In the present matter, R.C. 5515.02 does not provide for prior notice, a hearing or an opportunity to present witnesses. The court finds that the trial court did not err in determining that the agency action did not constitute an adjudication.

Based on the foregoing, appellants' first assignment of error is overruled.

■ Appellants' final three assignments of error shall be dealt with together. Appellants argue that appellee has failed to give them any administrative rights

or remedies and they have been denied due process. It is a well-recognized principle that, in the absence of constitutional or statutory authority, there is no inherent right to appeal from an order of an administrative agency. *Perry Twp. Bd. of Trustees v. Franklin Cty. Bd. of Zoning Appeals* (1983), 10 Ohio App.3d 103, 104, 10 OBR 126, 127, 460 N.E.2d 698, 699; *Corn v. Bd. of Liquor Control* (1953), 160 Ohio St. 9, 50 O.O. 479, 113 N.E.2d 360. Absent a right to appeal, there is no interest to be protected by due process and, thus, the Constitution cannot be violated. *State ex rel. Citizens for Van Meter, supra.* As appellants have no right to appeal, the trial court was without jurisdiction to review the record for an abuse of discretion.

Appellants' second, third and fourth assignments of error are without merit and therefore overruled.

Appellants' assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCORMAC and BOWMAN, JJ., concur.