## In re SAMARITAN NORTH HEALTH CENTER.

[Cite as *In re Samaritan N. Health Ctr.* (1994), 95 Ohio App.3d 34.]

Court of Appeals of Ohio,
Franklin County.

No. 93APH10–1426.

Decided May 12, 1994.

*Bricker & Eckler, Gretchen A. McBeath* and *James F. Flynn;* and *John Green,* for appellee Good Samaritan Hospital and Health Center.

*Lee Fisher,* Attorney General, and *Dennis G. Nealon,* Assistant Attorney General, for appellee Ohio Department of Health.

*James D. Piergies,* for appellant.

PETREE, Judge.

Appellant, Dayton Springfield Sidney Miami Valley AFL–CIO ("appellant"), appeals from an order of the State Certificate of Need Review Board ("CONRB") dismissing its notice of appeal and request for an adjudication hearing. Appellant presents the following as error:

"I. The Hearing Officer erred when he interpreted R.C. 3702.60 to allow discrimination against certain equivalent groups in the same class, as defined by R.C. 3702.51(B).

"II. The Hearing Officer erred when he interpreted a statute which merely sets forth the procedures to be followed by the State Board of Review as allowing the exclusion of affected parties from the appellate process."

Appellee Good Samaritan Hospital and Health Center ("Good Samaritan") applied for and was granted a Certificate of Need ("CON") by appellee Director of the Ohio Department of Health ("ODH") for the development of an ambulatory care center.

Appellant, seeking to contest the issuance of the CON, requested a hearing before the CONRB pursuant to R.C. 3702.60, which reads in pertinent part:

"(A) Any affected person * * * shall be entitled to an adjudication hearing before the certificate of need review board on a decision of the director of health to grant, deny, or withdraw a certificate of need * * *."

Good Samaritan filed a motion to dismiss appellant's notice of appeal and request for an adjudication hearing, arguing appellant was not an "affected

party" for purposes of R.C. 3702.60 and, therefore, had no right to request a hearing. ODH joined Good Samaritan in its motion. The matter was heard by a CONRB hearing examiner, who issued a report and recommendation that the CONRB sustain the motion to dismiss on the grounds that appellant was not an affected person, pursuant to R.C. 3702.60 and, therefore, did not have the right to request a hearing.

Appellant filed objections to the hearing examiner's report in accordance with R.C. 119.09. The CONRB reviewed the matter and rendered a decision affirming and adopting the hearing examiner's report. The board issued an order granting appellees' motion to dismiss stating appellant "failed to state a claim over which the board may exercise its jurisdiction." From this order, appellant filed a timely appeal.

▆ The issue presented is whether appellant has the right to request an adjudication hearing pursuant to R.C. 3702.60 and, if not, has its right to due process been violated.

▆ As noted in *Brown v. Ohio Dept. of Transp.* (1992), 83 Ohio App.3d 879, 883, 615 N.E.2d 1126, 1129:

"It is a well-recognized principle that, in the absence of constitutional or statutory authority, there is no inherent right to appeal from an order of an administrative agency. * * * Absent a right to appeal, there is no interest to be protected by due process and, thus, the Constitution cannot be violated. * * *" (Citations omitted.)

Appellant's right to due process cannot be violated unless the legislature has granted it the right to contest, pursuant to an R.C. 3702.60 hearing, ODH's issuance of a CON.

R.C. 3702.60 reads, in pertinent part:

"(A) Any affected person as defined in division (O)(2) of section 3702.51 of the Revised Code who is an individual, any affected person as defined in division (O)(6) of that section who is an individual or a government unit, and any affected person as defined in division (O)(1), (3), (4), or (5) of that section * * *."

The statute defines who has the right to request an adjudication hearing before the CONRB concerning a decision of the director of health to "grant, deny, or withdraw a certificate of need or a ruling by the director that a proposed project is or is not a reviewable activity." Those who have the right are "affected persons" and that term is defined not only by the terms of R.C. 3702.60, but also by the definitions found in R.C. 3702.51.

R.C. 3702.51(O) reads, in pertinent part:

"Except as otherwise provided in section 3702.60 of the Revised Code, 'affected person' means:

"(1) An applicant for a certificate of need, including an applicant whose application was reviewed comparatively with the application in question;

"(2) Any person who resides or regularly uses health care facilities within the geographic area served or to be served by the health care services that would be provided under the certificate;

"(3) Any health care facility that is located in the health service area where the health care services would be provided under the certificate;

"(4) Health care facilities that, before submission of the application in question, filed with the director of health written notice of an intention to provide similar services in the future;

"(5) Third-party payers that reimburse health care facilities for services in the health service area where the health care services would be provided under the certificate;

"(6) Any other person who testified at a public hearing held under division (B) of section 3702.52 of the Revised Code or who submitted written comments in the course of review of the application in question."

Appellant does not qualify as an "affected person," pursuant to R.C. 3702.51(O)(1), (3), (4) or (5), as appellant is not an applicant for a CON, a health care facility, or a third-party payer that reimburses health care facilities.

However, appellant is a "person" for purposes of R.C. 3702.51(O)(2) and (6), as "person" is defined by R.C. 3702.51(B), as follows:

" 'Person' means any individual, corporation, business trust, estate, firm, partnership, association, joint stock company, insurance company, government unit, or other entity."

As appellant is an association, clearly it is defined as a "person" for purposes of R.C. Chapter 3702. However, appellant's status as a "person," pursuant to R.C. 3702.51, does not entitle it to request a hearing pursuant to R.C. 3702.60, which clearly limits the right to request an adjudicatory hearing to those "persons" defined in R.C. 3702.51(O)(2) who are individuals. The definition of "affected persons" found in R.C. 3702.51(O)(6) is limited to "persons" who are individuals or a government unit.

"Government unit" is defined by R.C. 3702.51(J), as follows:

" 'Government unit' means the state and any county, municipal corporation, township, or other political subdivision of the state, or any department, division, board, or other agency of the state or a political subdivision."

The record does not reveal that appellant is a "government unit" as defined by the statute.

Appellant would have standing to request an adjudication hearing, pursuant to R.C. 3702.60, if it qualifies as an "individual" as used in the statute. Individual is not synonymous with "person" as defined in the CON statutory framework. As defined in R.C. 3702.51(B), individual is a specific sub-group of "person." "Individual" is not specifically defined in R.C. Chapter 3702; however, the term is generally defined as "a single human being as contrasted with a social group or institution." Webster's Ninth New Collegiate Dictionary (1983) 615. The record reflects appellant is a labor council which would be included in the definition of "person" as used in the statute but would not be included when that term is limited to "individuals."

The CONRB hearing examiner was correct when he recommended the board find that appellant did not qualify as an individual as used in R.C. 3702.60(A) and, therefore, was not an "affected person" for purposes of filing a notice of appeal and request for an adjudication hearing.

While appellant argues its exclusion from the appeals process violates its right to due process, as noted *supra* there is no inherent right to appeal from an order of an administrative agency in the absence of constitutional or statutory authority. In this matter, the legislature has not chosen to grant the right to an appeal from a decision by ODH to issue a CON to all who qualify as "persons." Appellant argues its exclusion from the appeals process results in unequal treatment of the group who are defined as "persons." Appellant has no inherent right to appeal from an order of an administrative agency. It has no statutory right as it has not been granted such by the legislature. Furthermore, appellant has not shown, nor can the court find, constitutional grounds on which to base appellant's appeal. Based on the foregoing, appellant's assignments of error are not well taken.

For the foregoing reasons, appellant's assignments of error are overruled and the order of State Certificate of Need Review Board dismissing appellant's notice of appeal and request for adjudication hearing is affirmed.

*Order affirmed.*

BOWMAN and DESHLER, JJ., concur.