**LEXINGTON SUPERMARKET, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE and Ohio Department of Health, Defendants.**

No. C–3–99–60.

United States District Court,
S.D. Ohio,
Western Division.

June 1, 1999.

Mitchell W. Allen, Allen & Crossley LPA, Lebanon, OH, for Lexington Supermarket Inc., plaintiff.

Pamela M. Stanek, United States Attorney's Office, Dayton, OH, for Department of Agriculture, United States of America, defendant.

Socrates H. Tuch, Ohio Attorney General, Health & Human Services Section, Columbus, OH, of Ohio Dept. of Health, defendant.

DECISION AND ENTRY CONDITIONALLY SUSTAINING THE MOTION OF DEFENDANT OHIO DEPARTMENT OF HEALTH TO DISMISS, PURSUANT TO FED.R.CIV.P. 12(B)(1) (DOC. # 1); FURTHER PROCEDURES ORDERED OF DEFENDANT

RICE, Chief Judge.

On September 10, 1997, Plaintiff Lexington Supermarket, Inc. ("Lexington"), entered into a relationship with the Ohio Department of Health as a retail vendor under the Special Supplemental Nutrition Program for Women, Infants and Children's Program ("WIC program").[1] The WIC program is a federally-funded, but

---

[1] The following facts are taken from the documents attached to Defendant's Motion to Dismiss (Doc. # 1). Although those documents cannot be considered evidence, because Defendant has failed to properly authenticate them, Plaintiff has not presented a conflicting version of the basic facts of this case. Accordingly, the facts recited by the Court appear to be undisputed. As will be more fully set forth below, the Court will order the Defendant to properly authenticate these documents, prior to this Conditional Decision becoming absolute. The use of unauthenticated documents outside the pleadings does not turn at Rule 12(b)(1) motion to dismiss into one for summary judgment. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990) (citations omitted).

state implemented, program providing supplemental foods to women, infants, and children considered at-risk for poor nutrition. Eligible families receive WIC coupons, which they may redeem for specific foods at state-approved vendors' stores. In Ohio, the WIC program is administered by the Ohio Department of Health ("ODH").

At various times in February, 1998, representatives of the WIC program conducted several undercover "buys" by posing as WIC participants. According to ODH, the undercover investigators noted during these "buys" that Lexington employees failed to follow proper procedures, in violation of the Ohio Administrative Code and the WIC contract. As a result of these violations, the Director of Health sent a Notice of Opportunity for Hearing to Lexington, informing Plaintiff of its imminent disqualification from the WIC program for a period of three years. A hearing was held by ODH on August 20, 1998. The hearing examiner upheld the three year disqualification. Following this determination, the ODH contacted the United States Department of Agriculture ("USDA"), the administrative agency charged with administering the Food Stamp Program ("FSP"), and informed it of ODH's decision. USDA subsequently suspended Plaintiff's FSP license, based on the ODH determination.

On January 14, 1999, Plaintiff filed suit in the Montgomery County Court of Common Pleas, challenging the determinations of both the Ohio Department of Health and the U.S. Department of Agriculture. The United States removed the litigation to this Court on February 10, 1999.[2]

Pending before the Court is the Motion of Defendant Ohio Department of Health to Dismiss (Doc. # 1), for lack of subject matter jurisdiction, pursuant to Fed. R.Civ.P. 12(b)(1), and for failure to state a claim upon which relief can be granted,

pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons assigned, Defendant's Motion (Doc. # 1) is conditionally SUSTAINED, based upon this Court's lack of subject matter jurisdiction. Before addressing the arguments of the parties, the Court will first set forth the standard governing Defendant's Motion.

## I. Standard for Motion to Dismiss

With a motion to dismiss pursuant to Rule 12(b)(1), the moving party is challenging the court's subject matter jurisdiction. The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir.1986). When the party asserting federal jurisdiction finds its allegations challenged, it must submit evidence substantiating its claims. *Amen v. City of Dearborn*, 532 F.2d 554, 560 (6th Cir.1976). The district court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990) (citations omitted). The court may consider such evidence without turning the motion into one for summary judgment. *Id.*

## II. Analysis

Defendant Ohio Department of Health asserts three general arguments in support of its Motion to Dismiss. *First,* ODH asserts that Plaintiff has no right of appeal, whether based on: 1) the Ohio Administrative Procedures Act, 2) Ohio Rev. Code § 3701.132 or Ohio Admin.Code 3701–42–09, or 3) common law. *Second,* ODH argues that the affirmative defense of entrapment is not available in an admin-

---

**2.** In its Notice of Removal, the United States stated that this Court has federal question subject matter jurisdiction. Lexington asserted in its Complaint that the court has jurisdiction to hear an appeal of the USDA decision,

pursuant to 7 U.S.C. §§ 2011–2032 and 7 C.F.R. § 279.10. Lexington also claimed that the Defendants failed to comply with 7 C.F.R. § 278.6.

istrative proceeding and, therefore, cannot form the basis of an appeal. *Third,* ODH asserts that Plaintiff cannot state a claim for entrapment in a noncriminal proceeding and, therefore, that claim (Count Four)[3] must be dismissed as failing to state a claim upon which relief can be granted.

■ In Ohio, it is well-recognized that, absent specific statutory or constitutional authority, there is no inherent right to appeal from an order of an administrative agency. *E.g., Corn v. Bd. of Liquor Control,* 160 Ohio St. 9, 113 N.E.2d 360 (1953); *State ex rel. Citizens v. Ohio Elections Comm'n,* 78 Ohio App.3d 289, 604 N.E.2d 775, 777 (Franklin Cty.1992); *Brown v. Ohio Dep't of Transp.,* 83 Ohio App.3d 879, 883, 615 N.E.2d 1126, 1129 (1992). For a court of common pleas to have subject matter jurisdiction over an appeal of an agency decision, the Ohio legislature must have granted the appellant the right to pursue the appeal. *Id.* Similarly, an appellant cannot appeal a state agency decision in this Court, under the court's exercise of supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, if no right to appeal exists under state law.

■ The Ohio Administrative Procedures Act authorizes an appeal to the common pleas court from many administrative agency decisions. Ohio Rev.Code § 119.12. However, under Ohio Rev.Code § 119.01(A), only certain agencies and agency functions are subject to this appeal and to the corresponding procedural rules set forth in Chapter 119. *State Ex Rel. Citizens,* 604 N.E.2d at 777. Ohio Rev. Code § 119.01(A) states, in pertinent part:

"Agency" means, except as limited by this division, any official, board, or commission having authority to promulgate rules or make adjudications in the bureau of employment services, the civil

service commission, the department or, on and after July 1, 1997, the division of liquor control, the department of taxation, the industrial commission, the bureau of workers' compensation, the functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state specifically made subject to sections 119.01 to 119.13 of the Revised Code, and the licensing functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state having the authority or responsibility of issuing, suspending, revoking, or canceling licenses.

Ohio Rev.Code § 119.01(A). Thus, "it is firmly established that an agency or agency action will not qualify for an R.C. § 119.12 appeal unless (1) the agency is specifically named in R.C. § 119.01(A), (2) the agency action involves licensing functions of the agency, or (3) some other statute specifically makes the agency or agency action subject to R.C. 119.12." *State Ex Rel. Citizens,* 604 N.E.2d at 777, citing, *inter alia, Plumbers & Steamfitters Comm. v. Ohio Civil Rights Comm'n,* 66 Ohio St.2d 192, 421 N.E.2d 128 (1981).

■ Plaintiff does not dispute Defendant's arguments that the Ohio Department of Health is not specifically named in Ohio Rev.Code § 119.01(A) and that the actions of ODH in administering the WIC program do not involve licensing functions of the agency.[4] Rather, Plaintiff argues that the basis for this Court's subject matter jurisdiction may be found in Ohio Rev. Code § 3701.132 and Ohio Admin.Code 3701–42–09(G), stating that these provisions make ODH's decisions concerning the WIC program subject to Ohio Rev. Code Ch. 119.

---

3. Plaintiff's entrapment claim is Count Four of both its original Complaint (Doc. # 1) and its Amended Complaint (Doc. # 5).

4. Furthermore, Plaintiff neither argues that "entrapment" forms a basis for a right to judicial review nor disputes Defendant's argu-

ment that entrapment is limited to criminal proceedings and, therefore, cannot constitute a claim in this case. Because these issues are not in dispute, the Court accepts Defendant's arguments with respect to these issues, without further discussion.

Ohio Rev.Code § 3701.132 designates the Ohio Department of Health as the state entity responsible for the administration of the WIC program. It states, in pertinent part:

The department of health is hereby designated as the state agency to administer the "special supplemental food program for women, infants, and children" established under the "Child Nutrition Act of 1966," 80 Stat. 885, 42 U.S.C. 1786, as amended. The public health council may adopt rules pursuant to Chapter 119. of the Revised Code as necessary for administering the program.

Ohio Rev.Code § 3701.132. Plaintiff argues that this provision subjects ODH to § 119.12, because it states that ODH is an "agency" and it provides that ODH may promulgate regulations pursuant to Chapter 119. Plaintiff's argument is unpersuasive.

In *Plumbers & Steamfitters, supra*, the Ohio Supreme Court concluded that a state agency could be subject to Ohio Rev. Code Ch. 119 for some purposes but not for others. In that case, the Ohio Supreme Court addressed whether the Ohio Civil Rights Commission was an agency subject to the 30–day record certification requirement of Ohio Rev.Code § 119.12. Because the commission was not specifically included or excluded from the statutory definition of agency in Chapter 119 and did not engage in licensing activities, the question before that court was whether the commission's enabling statute "specifically made [it] subject to sections 119.01 to 119.13." A review of the enabling legislation revealed that Ohio Rev.Code § 4112.05(G) and (I), which set forth the procedures that the commission must follow in pursuing discrimination complaints, were made specifically subject to § 119.12. However, Ohio Rev.Code § 4112.06, governing judicial review of commission orders, made no reference to Chapter 119. Reading the statutory language literally, the Ohio Supreme Court concluded that "the commission's administrative split personality" represented the legislature's intent. Thus, the court concluded that, for purposes of judicial review, Chapter 119 did not apply to the Ohio Civil Rights Commission.

Similar to Chapter 4112, the statute authorizing the Ohio Department of Health to administer the WIC program subjects the ODH to Chapter 119 for some purposes but not others. Ohio Rev.Code § 3701.132 specifies that any rulemaking in which ODH may engage to effectuate the WIC program must be conducted pursuant to Chapter 119. There is no other reference to Chapter 119, and the statute does not provide a right to judicial review, pursuant to Ohio Rev.Code § 119.12. The reference to the ODH as a "state agency," without a specific reference to Chapter 119, is insufficient to subject the ODH to that Chapter for every action it takes while administering the WIC program. Accordingly, although § 3701.132 provides that ODH is subject to Ohio Rev.Code Ch. 119 to the extent that it engages in rulemaking for the WIC program, the Court concludes that § 3701.132 does not subject ODH to § 119.12 for purposes of a WIC vendor's right to appeal.

■ Plaintiff also argues that ODH is subject to Ohio Rev.Code Ch. 119, based on Ohio Admin.Code 3701–42–09, a provision setting out the appeal rights of an applicant which has been denied a WIC retail vendor contract and those of a WIC retail vender which is disqualified from the WIC program or against which an administrative penalty is assessed. Ohio Admin.Code 3701–42–09(G) states, in pertinent part: "The decision of the impartial decisionmaker shall be final and not subject to further administrative proceedings." Plaintiff contends that "[t]his strongly suggests that, while the administrative remedies may be exhausted at that point, there are, nevertheless remedies outside the administrative process, namely an appeal to the Common Pleas Court as in other administrative cases." (Doc. # 4, p. 2) This Court does not agree. Although the use of the phrase "administrative pro-

ceedings" does not explicitly foreclose judicial proceedings, the ODH must have been specifically subjected to § 119.12, in order for the WIC program to be subject to the provisions of Chapter 119 and, therefore, for vendors to have a right of judicial review. Ohio Admin.Code 3701–42–09(G) contains no such reference. Accordingly, the Court concludes that the WIC regulations do not provide a right of judicial review.

In summary, the Court concludes that neither common law, Ohio Rev.Code § 3701.132, nor Ohio Admin.Code 3701–42–09(G) provides specific authority for the right to judicial review of an order of the ODH regarding the WIC program. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's appeal of the determination of the ODH hearing officer.

For the foregoing reasons, the Motion of Defendant Ohio Department of Health to Dismiss, Pursuant to Fed.R.Civ.P. 12(b)(1) (Doc. # 1) is conditionally SUSTAINED.

Defendant is given fourteen (14) days to authenticate the documents submitted in support of its Motion to Dismiss. If Defendant so authenticates the documents, this conditional order will be made absolute and the case against the Ohio Department of Health will be dismissed. If ODH fails to authenticate said documents, the Court will revisit this Decision. Given that this is a conditional decision, no judgment will be issued, and this Decision is not a final, appealable order.