OPINION
{¶ 1} Plaintiff-appellant, Springfield Fireworks, Inc. ("Springfield"), appeals from a judgment of the Franklin County Court of Common Pleas dismissing Springfield's appeal from a decision of defendant-appellee, Ohio Department of Commerce, Division of State Fire Marshal ("SFM"), that denied Springfield's request to geographically transfer a wholesaler fireworks license.
 {¶ 2} Springfield is a fireworks manufacturer and wholesaler that holds a manufacturer fireworks license and a wholesaler fireworks license at a location in Allen County, Ohio; in addition, it holds a wholesaler fireworks license at a location in Ashland County, Ohio. In 1995, Springfield wished to transfer its wholesaler fireworks license No. 55-32-0001 from the Allen County location to a proposed location in Madison County, Ohio. The SFM's action on the license transfer request is the underlying subject of this appeal.
 {¶ 3} Chapter 3743 of the Ohio Revised Code regulates the activities and licensing of fireworks manufacturers, wholesalers, and exhibitors in Ohio. In 1995, R.C. 3743.17(D) permitted the transfer of a wholesaler fireworks license only to "another person for the same location for which the license was issued[.]" The statute did not allow a geographic transfer of a license from one county to another. Even so, upon an affected party's application, SFM could grant a variance under R.C. 3743.59 from the limitations imposed by R.C. 3743.17, if SFM determined "that a literal enforcement of the requirement will result in unnecessary hardship and that the variance will not be contrary to the public health, safety, or welfare."
 {¶ 4} Springfield requested that SFM grant a variance under R.C.3743.59 for the purpose of allowing Springfield to transfer its wholesaler fireworks license from Allen County to Madison County. According to the record, Springfield's request was limited to a license transfer to, not the issuance of a new license for, the Madison County location. Even if Springfield had applied for a new license, a moratorium then in effect prohibited SFM from issuing a new wholesaler fireworks license for a particular location, unless the license applicant possessed a license at that location immediately before the moratorium took effect. See Am.Sub.H.B. No. 715, effective December 14, 1992 to January 1, 1997. Springfield does not contend it has ever held a wholesaler fireworks license at the proposed Madison County location.
 {¶ 5} In a letter to Springfield dated April 25, 1995, SFM denied Springfield's license transfer request, explaining (1) no statute authorized such an intra-state license transfer, and (2) the denial complied with the spirit of the moratorium then in effect. The parties are in agreement that SFM did not hold administrative hearings on Springfield's request for a license transfer. The record reflects that in addition to the foregoing request, SFM also denied Springfield's 1995 and 1997 requests to transfer its other wholesaler fireworks license from Ashland County to Madison County.
 {¶ 6} On April 11, 2001, Springfield filed a complaint against SFM in the Allen County Court of Common Pleas regarding SFM's denial of the 1997 license transfer request. Approximately a year later, Springfield filed administrative appeals in the Allen County Common Pleas Court regarding SFM's denials of the two 1995 license transfer requests, including the transfer request that is the subject of this appeal. The court consolidated the three cases.
 {¶ 7} Following a bench trial, the Allen County Common Pleas Court found Springfield was not entitled to the 1997 transfer of its wholesaler license from Ashland County to Madison County, and it entered judgment dismissing Springfield's complaint against SFM. (May 8, 2002 Decision of the Allen County Court of Common Pleas, case No. CV 2001 0291.) The court also dismissed Springfield's two administrative appeals, based on the court's determination it lacked jurisdiction over the appeals because they should have been filed in the Franklin County Court of Common Pleas pursuant to R.C. 119.12. (Id., case Nos. CV 2002 0288 and CV 2002 0289.) Springfield appealed, and the Third District Court of Appeals affirmed the common pleas court's dismissal of Springfield's complaint against SFM. The appellate court, however, would not entertain the two administrative appeals because Springfield had not filed the required notices of appeal for the cases. See Allen App. No. 1-02-51, 2003-Ohio-2030.
 {¶ 8} Springfield then filed administrative appeals under R.C. 119.12
in the Franklin County Common Pleas Court ("the trial court"), appealing SFM's two 1995 decisions denying Springfield's requests to transfer its wholesaler fireworks licenses from Ashland and Allen Counties, respectively, to Madison County. Franklin County Common Pleas Court case Nos. 02CVF-06-6628 and 02CVF-06-6629. The trial court granted SFM's motions to dismiss Springfield's appeal in each case pursuant to Civ.R. 12(B)(6) (allowing dismissal for failure to state a claim upon which relief may be granted).
 {¶ 9} In granting the motion, the trial court held: (1) R.C. 119.12
does not list SFM as a state entity from which all decisions are appealable; and (2) SFM's denial of a license transfer request, or more specifically SFM's denial of a variance that would permit a license transfer, could not be challenged by way of an R.C. 119.12 appeal. (December 6, 2002 Decision, case No. 02CVF-06-6629.) The trial court determined that although R.C. 119.12, by its terms, permits an appeal of an administrative decision "denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license," Springfield still had its wholesaler license, with all its legal rights and abilities, exactly as it had before SFM's action. The trial court entered judgment dismissing Springfield's administrative appeal in this case with prejudice. (March 7, 2003 Journal Entry.)
 {¶ 10} Springfield subsequently filed appeals in this court from the judgments of the Franklin County Common Pleas Court dismissing the two administrative appeals. The instant appeal concerns the trial court's December 6, 2002 decision and March 7, 2003 judgment entry dismissing Springfield's administrative appeal of SFM's decision denying a transfer of the wholesaler fireworks license from Allen County to Madison County. Springfield's appeal concerning SFM's denial of Springfield's 1995 request for a license transfer from Ashland County to Madison County is not at issue here. See Franklin App. No. 02APE12-1431. In this appeal, Springfield assigns the following errors:
I. The trial court erred in granting the Appellee SFM's motion to dismiss by determining that it was without jurisdiction to review an administrative decision denying transfer of a fireworks license.
II. The trial court erred in summarily granting the Appellee SFM's motion to dismiss by determining that denial of a fireworks license transfer was not an administrative decision and thus not subject to any judicial review.
 {¶ 11} Springfield's two assignments of error are interrelated, and we therefore address them jointly. Together they assert the trial court erred in determining SFM's denial of Springfield's license transfer request is not an "administrative decision" pursuant to the Administrative Procedure Act, R.C. Chapter 119, and therefore cannot be challenged under R.C. 119.12.
 {¶ 12} This court's review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(6) is de novo. Singleton v. AdjutantGeneral of Ohio, Franklin App. No. 02AP-971, 2003-Ohio-1838, at ¶ 16, citing State ex rel. Drake v. Athens Cty. Bd. of Elections (1988),39 Ohio St.3d 40. In order for a court to dismiss a case for failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brienv. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus. The court must presume all factual allegations in the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Bridges v. Natl. Engineering Contracting Co. (1990),49 Ohio St.3d 108, 112. In considering a motion to dismiss under Civ.R. 12(B)(6), the court looks only to the complaint, or, in a proper case, the copy of a written instrument upon which a claim is predicated, to determine whether the allegations are legally sufficient to state a claim. See Slife v. Kundtz Properties (1974), 40 Ohio App.2d 179,185-186.
 {¶ 13} Springfield initially contends the trial court erred in considering material outside the "pleadings" in ruling on SFM's Civ.R. 12(B)(6) motion, thereby converting the motion to one made under Civ.R. 56 without giving the parties notice and a reasonable opportunity to present additional materials. See Civ.R. 12(B). In this case, the "pleadings" or "complaint" at issue is Springfield's "Notice of [Administrative] Appeal," as amended and filed with the Franklin County Common Pleas Court, to which Springfield attached and incorporated by reference the purported "administrative decision" being appealed, SFM's April 25, 1995 letter denying Springfield's license transfer request.
 {¶ 14} Civ.R. 12(B) provides that when a Civ.R. 12(B)(6) motion presents matters outside the pleadings and the court does not exclude such matters, the motion shall be treated as a motion for summary judgment pursuant to Civ.R. 56, and the parties shall be given notice and a reasonable opportunity to present additional materials enumerated in Civ.R. 56.
 {¶ 15} Here, the trial court permitted the parties to attach exhibits to their respective memoranda regarding the Civ.R. 12(B)(6) motion to dismiss, and the court stated it would consider all appropriate material in deciding the motion. (December 6, 2002 Decision, 2.) The exhibits consisted of copies of other court's decisions and judgment entries related to this case and copies of statutes in effect at the time SFM issued its subject decision. We note that a court may generally take judicial notice of at least some of such matters but, perhaps more importantly, these are not materials specifically enumerated in Civ.R. 56. The court did not act improperly in failing to convert the Civ.R. 12(B)(6) motion to one under Civ.R. 56.
 {¶ 16} In any event, as to whether Springfield could bring an administrative appeal under R.C. 119.12 from SFM's denial of Springfield's request for a license transfer, the record does not show the trial court improperly considered any outside facts in ruling on the Civ.R. 12(B)(6) motion to dismiss. Specifically, in its ruling on the motion, the court considered only: (1) SFM's April 25, 1995 letter denying Springfield's request to transfer the license, being the purported "administrative decision" appealed; and (2) R.C. 119.12, the statute under which Springfield brought its administrative appeal. (December 6, 2002 Decision, 2-3.) The court's consideration of these matters not only was proper, it was necessary to enable the court to determine whether Springfield could challenge SFM's denial of the proposed license transfer by way of an administrative appeal under R.C.119.12.
 {¶ 17} As to the propriety of Springfield's attempt to challenge SFM's decision in this case by means of an R.C. 119.12 appeal, we first note that absent specific statutory or constitutional authority, a party has no inherent right to appeal from an order of an administrative agency. State ex rel. Citizens for Van Meter v. Ohio Elections Comm.
(1992), 78 Ohio App.3d 289, 292; Asphalt Specialist, Inc. v. Ohio Dept.of Transp. (1988), 53 Ohio App.3d 45, 46; Perry Twp. Bd. of Trustees v.Franklin Cty. Bd. of Zoning Appeals (1983), 10 Ohio App.3d 103, 104. A court of common pleas has the power to review administrative proceedings and decisions only when granted by law. Section 4, Article IV, Ohio Constitution. The legislature, in general, has provided the court of common pleas with no jurisdiction over an appeal of an agency decision except as R.C. 119.12 grants. Asphalt Specialist, supra. R.C. 119.12, in 1995, stated in pertinent part:
Any party adversely affected by any order of an agency issued pursuant to an adjudication denying * * * the issuance or renewal of a license orregistration of a licensee, or revoking or suspending a license * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident, provided that appeals from decisions of the liquor control commission may be to the court of common pleas of Franklin county and appeals from decisions of the state medical board, chiropractic examining board, and board of nursing shall be to the court of common pleas of Franklin county. * * *
Any party adversely affected by any order of an agency issued pursuantto any other adjudication may appeal to the court of common pleas ofFranklin county, except that appeals from orders of the fire marshal issued under Chapter 3737. of the Revised Code may be to the court of common pleas of the county in which the building of the aggrieved person is located.
(Emphasis added.)
 {¶ 18} Initially, although R.C. 119.12 expressly permits appeals from orders of the fire marshal issued under R.C. Chapter 3737, SFM's decision in this case was issued under R.C. Chapter 3743, not R.C. Chapter 3737.
 {¶ 19} An R.C. 119.12 appeal cannot be taken from an agency action unless: (1) the agency is specifically named in R.C. 119.01(A); (2) the agency action involves licensing functions of the agency; or (3) some other statute specifically makes the agency or agency action subject to R.C. 119.12. Brown v. Ohio Dept. of Transp. (1992), 83 Ohio App.3d 879,881; Citizens for Van Meter, at 292-293; Asphalt Specialist, at 46-47.
 {¶ 20} Springfield acknowledges that neither the Department of Commerce nor SFM is specifically mentioned in R.C. 119.01(A). Springfield nonetheless contends SFM's action in denying the requested license transfer may be appealed under R.C. 119.12, because the action involves a "licensing function" and is made subject to an R.C. 119.12 appeal by statutes in R.C. Chapter 3743.
 {¶ 21} The "licensing function" factor is derived from the language in the first paragraph of R.C. 119.12 that permits an affected party to appeal an agency order, issued pursuant to an "adjudication denying * * * the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license[.]" R.C. 119.01(B) defines the term "license" as including "any license * * * issued by any agency." In turn, R.C. 119.01(A) defines "agency," in pertinent part, as including "the licensing functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state having the authority or responsibility of issuing, suspending, revoking, or canceling licenses."
 {¶ 22} With regard to a wholesaler fireworks license, SFM has statutory authority to: (1) issue a license pursuant to R.C. 3743.16; (2) revoke or deny renewal of a license pursuant to R.C. 3743.21; and (3) transfer a license pursuant to R.C. 3743.17(D). However, while SFM has licensing authority pursuant to these statutes, not all of its decisions within that authority necessarily involve a "licensing function" within the scope of the Administrative Procedure Act. See Asphalt Specialist, at 47; Brown, at 882. Specifically, only the licensing functions that fall within the parameters of an "agency" action are within the purview of R.C. 119.12. In the Matter of CBM Homes for the Devel. Disabled, Inc.
(Apr. 6, 1993), Franklin App. No. 92AP-1524.
 {¶ 23} A general rule of statutory construction prescribes that the specific mention of one thing implies the exclusion of another. MontgomeryCty. Bd. of Com'rs v. Public Utilities Com'n of Ohio (1986),28 Ohio St.3d 171, 175. The principle is especially pertinent where, as in R.C. 119.01, the statute involved is a definitional provision. Id. "Definitions provided by the General Assembly are to be given great deference in deciding the scope of particular terms." Id.
 {¶ 24} Here, SFM's action regarding the request for a transfer of Springfield's wholesaler fireworks license did not involve the "issuing, suspending, revoking, or canceling" of a license. Hence, SFM's action did not involve a licensing function and accordingly was not an "agency" decision under R.C. Chapter 119. Brown, at 882.
 {¶ 25} Further, because SFM's decision was not an "agency" decision, it necessarily was not a decision "issued pursuant to an adjudication," as additionally required by both: (1) the "licensing function" provision of the first paragraph of R.C. 119.12; and (2) the statute's second paragraph, which expressly provides an appeal to the Franklin County Court of Common Pleas for "any order of an agency issued pursuant to any other adjudication," regardless whether a licensing function is involved. R.C. 119.01(D) defines an "adjudication" as a "determination by the highest or ultimate authority of an agency." In the absence of an "adjudication" as defined in R.C. 119.01(D), the Franklin County Court of Common Pleas, together with other common pleas courts, lacks jurisdiction under R.C. 119.12 to review SFM's decisions. SeeBrown; CBM Homes, supra. Accordingly, Springfield may not rely on R.C.119.12 itself as the basis for appealing SFM's decision in this case.
 {¶ 26} Finally, Springfield asserts it can challenge SFM's denial of the license transfer request by way of an administrative appeal under R.C. Chapter 119 because R.C. Chapter 3743, which regulates fireworks licenses, is "replete" with references to R.C. Chapter 119, thereby subjecting SFM's decisions to judicial review.
 {¶ 27} A review of R.C. Chapter 3743 reveals there is no provision within the chapter that subjects all actions and procedures under its statutory provisions to R.C. Chapter 119. To the contrary, statutes within R.C. Chapter 3743 subject some, but not all, actions or procedures arising under the chapter to R.C. Chapter 119. Notably, R.C. 3743.16 and3743.21 expressly provide that SFM's issuing, revoking, or denying renewal of a wholesaler fireworks license is to be conducted in accordance with R.C. Chapter 119, thus providing a party adversely affected thereby with an appeal under R.C. 119.12. See R.C. 3743.16(B) and 3743.21(B)(3). In contrast, neither R.C. 3743.17(D) nor 3743.59, which govern wholesaler fireworks license transfers and variances respectively, references R.C. Chapter 119 or provides a right to judicial review.
 {¶ 28} The legislative intent to specifically make administrative actions subject to R.C. Chapter 119 must be clear. See CBM Homes, supra. In cases involving fireworks licenses transfers, the General Assembly has not made clear its intent to specifically make SFM's approval or denial of a request for a fireworks license transfer, or a request for a variance for the purpose of obtaining such a transfer, subject to an R.C. 119.12 appeal where the transfer, as here, also does not involve the issuance of a new license, or the suspension, revocation or canceling of an existing license. The references to R.C. Chapter 119 in other statutes within R.C. Chapter 3743 are insufficient to make SFM's action on Springfield's transfer request subject to R.C. 119.12.
 {¶ 29} In sum, because SFM's denial of Springfield's request to transfer the wholesaler fireworks license does not involve a licensing function, was not issued pursuant to an adjudication, and is not made subject to an appeal under R.C. 119.12 by some other statute, it is not an agency decision from which an appeal under R.C. 119.12 may be taken. Accordingly, the Franklin County Common Pleas Court correctly concluded it lacks jurisdiction under R.C. 119.12 to review SFM's decision in this case.
 {¶ 30} To the extent Springfield argues it will be deprived of the constitutional right to due process if SFM's decision is found not to be subject to judicial review, Springfield's argument is not well-taken. Springfield has received all the process it is due. See Brown, at 882-883 (determining that absent a constitutional or statutory right to appeal, there is no interest to be protected by due process and, therefore, the Constitution cannot be violated).
 {¶ 31} Similarly unpersuasive are Springfield's contentions that the decision of the Allen County Common Pleas Court is res judicata and vests the Franklin County Common Pleas Court with jurisdiction over Springfield's appeal pursuant to R.C. 119.12. The decision from Allen County determined the letters denying the requested transfer and variance were not properly appealed in Allen County. When Springfield filed in the Franklin County Common Pleas Court, the only other court that possibly could have jurisdiction pursuant to R.C. 119.12, the Franklin County Common Pleas Court properly considered its own jurisdiction and properly concluded jurisdiction was lacking.
 {¶ 32} Based on the foregoing, we overrule Springfield's two assignments of error and affirm the Franklin County Court of Common Pleas' judgment dismissing Springfield's appeal for lack of the court's jurisdiction to review SFM's decision denying Springfield's license transfer request.
Judgment affirmed.
Petree, P.J., and Brown, J., concur.