BILLIS, Appellant,

v.

OHIO ELECTIONS COMMISSION, Appellee.

[Cite as *Billis v. Ohio Elections Comm.* (2001), 146 Ohio App.3d 360.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 01AP–314.

Decided Oct. 16, 2001.

*John M. Wilson,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Sharon A. Jennings,* Assistant Attorney General, for appellee.

KENNEDY, Judge.

Appellant, John Billis, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his appeal from an action of appellee, the Ohio Elections Commission, dismissing his complaint.

Appellant filed a complaint/affidavit with appellee, alleging that State Representative Lynn Olman violated R.C. 3517.092(F)(2) by soliciting contributions from public employees at their workplace. Olman filed an answer and affidavit essentially admitting the violation but asserting that the solicitation letter was sent to public employees without his knowledge. Appellee sent notices to the parties informing them of the date of the preliminary review. At the preliminary review, appellee dismissed the complaint for lack of probable cause because a majority of the Ohio Elections Commission did not vote to find a violation. On March 9, 2000, appellee sent a notice to the parties informing them that the complaint was dismissed, as well as informing them of the opportunity to appeal pursuant to R.C. 119.12 if the decision is "adverse" to them.

Appellant filed an appeal with the Franklin County Court of Common Pleas on March 21, 2000. Appellee filed a motion to dismiss on June 9, 2000. Both parties filed competing memoranda, as well as filing their merit briefs and responsive pleadings. On February 15, 2001, the common pleas court issued a decision granting appellee's motion to dismiss. The common pleas court found that, because the dismissal arose from a preliminary review and not a hearing, there was no right to appeal from the dismissal because it was not a final appealable order. Appellant filed a timely notice of appeal.

On appeal, appellant asserts one assignment of error:

"The trial court erred in granting appellee's motion to dismiss."

Appellant was a candidate for the Ohio House of Representatives in the 51st House District, and Olman was his opponent. In December 1999, Olman directed a campaign assistant to send a fundraising letter to a group of lobbyists. However, the campaign assistant on his own initiative downloaded a list of all registered lobbyists, including public employees, and sent the letter to the entire list. Several of the letters were sent to public employees at their place of employment, and two of these individuals responded with contributions. On January 4, 2000, Olman became aware that the campaign assistant had expanded the mailing beyond the original list, and he returned the contributions and sent a letter to appellee explaining what had happened. Apparently, Olman discussed the incident with a reporter from *The Toledo Blade*, which ran a story about the incident on January 7, 2000.

In appellant's single assignment of error, he argues that the common pleas court erred by dismissing his appeal. We disagree.

Although appellant brings his appeal under R.C. 119.12, his appeal involves the interpretation of R.C. 3517.157(D) and the corresponding sections of the Ohio Administrative Code. Questions of statutory interpretation are questions of law. This court's review of purely legal questions arising in an administrative appeal is plenary. *Steinfels v. Ohio Dept. of Commerce, Div. of Securities* (1998), 129 Ohio App.3d 800, 803, 719 N.E.2d 76.

Appellant argues that the common pleas court erred by dismissing his appeal in that R.C. 3517.157 grants him the right to appeal from the dismissal. Additionally, appellant asserts that appellee's preliminary review was actually an adversarial hearing under Ohio Adm.Code 3517–1–11(B) that resulted in a final administrative decision. Appellant also argues that the appeal right created in R.C. 3517.152 supersedes any conflicting provision of Ohio Adm.Code 3517–1–11. Appellee counters by asserting that there is no appeal right for anyone from a dismissal for lack of probable cause.

There is no inherent right to appeal from an action of an administrative agency absent constitutional or statutory authority. *State ex rel. Citizens for Van Meter v. Ohio Elections Comm.* (1992), 78 Ohio App.3d 289, 292, 604 N.E.2d 775. R.C. 3517.157(D) provides: "A party adversely affected by a final determination of the commission may appeal from the determination under section 119.12 of the Revised Code." It is undisputed that appellant is a party, as Ohio Adm.Code 3517–1–08(A) indicates that complainants are parties. However, our review of the record indicates that there was no final determination that would trigger an appeal right under R.C. 3517.17(D).

The procedure for a preliminary review by a probable cause panel or the full commission is delineated in Ohio Adm.Code 3517–1–11(A). Under this section,

the body conducting the review is directed to "review all pleadings, evidence, and motions before it to determine jurisdiction, sufficiency of the complaint, and whether probable cause exists for the full commission to determine whether a violation of Ohio election law has occurred." Ohio Adm.Code 3517–1–11(A). No argument, evidence, or testimony is to be entertained at the preliminary review stage without stipulation of the parties ratified by the commission or without the request by a commission member. Ohio Adm.Code 3517–1–11(A)(1)(a) and (b). When the preliminary review is conducted by the full commission, the commission is empowered to dismiss the case if jurisdiction, sufficiency of the complaint, or probable cause is lacking. Ohio Adm.Code 3517–1–11(A)(2)(e)(i). A majority vote is required for the commission to take any action. R.C. 3517.152(G)(3).

A review of the transcript indicates that the procedures under Ohio Adm.Code 3517–1–11(A) for a preliminary review were followed. No evidence was presented beyond the required affidavits comprising the complaint and response. While there is no stipulation agreeing to oral argument in the record, it appears that counsel for both appellant and Olman were invited to speak at the request of the commission. Despite appellant's attempt to characterize Olman's attorney's statements as testimony, she was not sworn, and it is apparent that the commission members considered her statements merely as argument. The commissioners then debated the motion to adopt the recommendation of the executive director to find a violation but impose no fine. However, only three of the six commission members present voted to adopt the recommendation, so the chairman dismissed the complaint.

In *Van Meter* at 294, 604 N.E.2d 775, this court explained the limited right to appeal from an action of appellee:

"The general lack of any appeal from commission decisions makes sense because, by and large, the commission acts in an investigatory capacity, much like a prosecutor or grand jury. See *Dewine v. Ohio Elections Comm.* (1978), 61 Ohio App.2d 25, 15 O.O.3d 28, 399 N.E.2d 99. Typically, when an agency conducts such investigations and does not find a violation of the law, this determination is not subject to any judicial review because it is not an adjudication. *Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME, AFL–CIO v. Dayton City School Dist. Bd. of Edn.* (1991), 59 Ohio St.3d 159, 572 N.E.2d 80; *Hanson v. Fabe* (Dec. 10, 1991), Franklin App. No. 91AP–435, unreported, 1991 WL 268739. * * *"

While the General Assembly has altered the legislative scheme creating the Ohio Elections Commission since this court's decision in *Van Meter*, the same reasoning applies to the current statutory scheme. As appellee argues, there is no provision for anyone to appeal from an action of the commission dismissing a complaint for lack of probable cause, because such a dismissal is not an adjudication.

In *Goldberger v. Weiler* (Aug. 3, 1999), Franklin App. No. 98AP–1097, unreported, 1999 WL 561678, this court concluded that there was no right to appeal from an order of the Ohio Real Estate Commission finding no violation of real estate laws and taking no further action on a complaint. This court stated:

"* * * The order that appellant seeks to appeal to the court of common pleas did not determine the rights, duties, privileges, or legal relationships of anyone. Rather, the order is simply a determination by the commission that insufficient evidence of a violation of Ohio's real estate laws exists to justify proceeding to an adjudication, which would determine the parties' rights, duties, privileges, or legal relationships. See *Barron v. State* (Dec. 2, 1980), Franklin App. No. 80AP–470, unreported (1980 Opinions 3668) (holding that an order of the Ohio Motor Vehicle Dealers Board refusing to proceed further on a complaint did not determine rights, duties, privileges, or legal relationships of any person and was therefore not issued pursuant to an adjudication).

"The commission's determination not to proceed further with appellant's complaint is akin to the decision of a county prosecutor not to seek an indictment based on a citizen's report of a crime. *Boieru v. State Emp. Relations Bd.* (1988), 54 Ohio App.3d 23, 27, 560 N.E.2d 801; *Barron, supra.* In both cases, the decision not to proceed is an executive rather than an adjudicative decision, and is consequently not appealable. *Boieru, supra.*"

Here, as in *Goldberger*, the dismissal was merely an executive decision and not an adjudication from which an appeal lies.

Finally, contrary to appellant's argument, we find no conflict between R.C. 3517.157 and Ohio Adm.Code 3517–1–11. The commission is specifically empowered to dismiss a complaint under R.C. 3517.157(C), and the corresponding provisions of Ohio Adm.Code 3517–1–11 merely provide the procedural context in which such a dismissal may occur. Moreover, nothing in Ohio Adm.Code 3517–1–11 can be construed as expanding or contracting the appeal right granted under R.C. 3517.157(D).

Because we conclude that there is no right to appeal from a dismissal of a complaint before appellee, the common pleas court did not err in dismissing appellant's appeal. Consequently, appellant's assignment of error is overruled.

Based upon the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and LAZARUS, JJ., concur.