The STATE ex rel. COMMON CAUSE/OHIO

v.

OHIO ELECTIONS COMMISSION.

[Cite as *State ex rel. Common Cause/Ohio v. Ohio Elections Comm.*, 156 Ohio App.3d 544, 2004-Ohio-1594.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–574.

Decided March 30, 2004.

---

Donald J. McTigue, for relator Common Cause/Ohio.

Clifford O. Arnebeck, for relator Alliance for Democracy.

Edward B. Foley and David Goldberger, for relators.

Jim Petro, Attorney General, and Sharon A. Jennings, Assistant Attorney General, for respondent.

WATSON, Judge.

{¶ 1} Relators, Common Cause/Ohio and Alliance for Democracy ("relators"), appeal from the decision of the magistrate denying a writ of mandamus. For the reasons that follow, we adopt the decision of the magistrate and deny the writ of mandamus.

{¶ 2} This case arose from a series of advertisements ("ads") run by the Chamber of Commerce ("Chamber") and an affiliated organization, Citizens for a Strong Ohio ("CSO") during the 2000 election of Ohio Supreme Court Justices. Relators filed three separate complaints with the Ohio Elections Commission ("commission") concerning four of these ads. The first complaint, which is the subject of this mandamus action, was filed on or about October 17, 2000, alleging violations of R.C. 3517.21(B)(10), 3599.03(A), and 3517.10. This complaint was expedited pursuant to R.C. 3517.156 and submitted to a probable cause panel of the commission. The commission determined that no probable cause existed and dismissed the action in October 2000. With respect to the second and third complaints, a three-member panel concluded that probable cause existed, and those complaints were submitted to a full panel for hearing. However, before the actual discussion on the merits, the commission granted respondent's motions for summary judgment and judgment on the pleadings. Relators appealed all three determinations to the Franklin County Court of Common Pleas.

{¶ 3} The court of common pleas granted the commission's motions to dismiss on the grounds that the commission's decisions were not appealable. See *Billis v. Ohio Elections Comm.* (2001), 146 Ohio App.3d 360, 766 N.E.2d 198. Relators

filed an appeal in this court from the common pleas court's decision. Relators also filed this separate mandamus action. The mandamus action was stayed pending resolution of the relators' direct appeal. In the direct appeal, this court ultimately distinguished the first complaint from the second and third complaints as demonstrated below.

{¶ 4} With regard to the first complaint, the court stated that relators had no right to appeal because the commission made a finding of no probable cause. *Common Cause/Ohio v. Ohio Elections Comm.*, 150 Ohio App.3d 31, 2002-Ohio-5965, 779 N.E.2d 766 (*"Common Cause 1"*). Relators asked the commission for reconsideration, which was ultimately denied. The court stated as follows at ¶ 10: "[A]t the preliminary review stage of the proceedings the commission is to review only the pleadings, evidence, and motions to determine jurisdiction, sufficiency of the complaint, and whether probable cause exists." *State ex rel. Citizens for Van Meter v. Ohio Elections Comm.* (1992), 78 Ohio App.3d 289, 291–292, 604 N.E.2d 775, citing *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225. The court found at that stage the commission is acting in an "executive" rather than an "adjudicative" function. *Common Cause 1* at ¶ 10. Since a dismissal based on lack of probable cause is not an adjudication, there is no provision for appeal. Id. ("Typically, when an agency conducts such investigations and does not find a violation of the law, this determination is not subject to any judicial review because it is not an adjudication.") *Van Meter*, supra, 78 Ohio App.3d at 294, 604 N.E.2d 775.

{¶ 5} With respect to the second and third complaints, there *was* an initial finding of probable cause and a hearing before the full panel of the commission was set. Although the granting of the motions to dismiss ultimately prevented a full hearing, the court found that the record was clear that "the commission had moved beyond its executive function and was acting in its adjudicative role." *Common Cause 1* at ¶ 12. The court determined that R.C. 3517.157 gives a right of appeal to any party adversely affected by a final determination of the commission pursuant to R.C. 119.12. Id. at ¶ 13–14. In turn, R.C. 119.12 allows an appeal of any order of an agency issued pursuant to an "adjudication." Id. The court then concluded that granting summary judgment and judgment on the pleadings were "adjudications," meaning final determinations that adversely affected the parties. Id. at ¶ 20. Therefore, the court held that the common pleas court erred in granting the commission's motions to dismiss based on lack of a right to appeal. Id.

{¶ 6} The court continued and discussed whether the second and third complaints should have been dismissed based on the commission's interpretation of *Buckley v. Valeo* (1976), 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659. The court ultimately held that *Buckley* did *not* extend First Amendment protection to

speech that is either known to be false or that is disseminated with reckless disregard of whether it is false. *Common Cause 1* at ¶ 23; *Chamber of Commerce v. Ohio Elections Comm.* (S.D.Ohio 2001), 135 F.Supp.2d 857, 869. The court stated that "the commission may constitutionally determine that statements known to be false or which were made with reckless disregard as to their falsity violate Ohio law and are not protected by the First Amendment." *Common Cause 1,* supra, at ¶ 24. Further, "[d]isseminators of false statements may not rely upon First Amendment protections, regardless of whether the speech contains the so-called 'magic words' expressing advocacy of or opposition to a particular candidate." Id.

{¶ 7} The court concluded that the commission charged with investigating and adjudicating such claims "clearly errs" by dismissing them on the grounds that the ads do not contain express words of advocacy. Id. Therefore, the court remanded the second and third complaints to the commission for further proceedings. On remand, the commission concluded that "magic words" were not necessary to establish a violation of Ohio law, in accordance with this court's opinion in *Common Cause 1.*

{¶ 8} Based on the above decision, relators sought a writ of mandamus with regard to the first complaint only. The matter was referred to a magistrate who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate concluded that the commission was entitled to summary judgment and denied relators' request for mandamus. Relators filed the following objections to the magistrate's decision:

"1. The conclusion of law denying Relator's Motion for Summary Judgment and granting summary judgment for Respondent ('Commission') is contrary to law. The Magistrate should have denied Respondent's Motion for Summary Judgment and granted Relator's Motion for Summary Judgment.

"2. The conclusion of law that the Respondent was acting in an executive rather than adjudicative capacity in declining to exercise jurisdiction is contrary to law. The Magistrate should have ruled that, regardless of the name given to it by the Commission, a refusal to exercise jurisdiction is not a determination of 'no probable cause.'

"3. The failure to rule that the Commission lacks discretion in accepting jurisdiction when it is presented with a properly drafted complaint is contrary to law. The Magistrate should have ruled that pursuant to its enabling statute the Commission must accept jurisdiction and then proceed to consider whether based on the evidence and the law there is probable cause that there are violations of the statutes under the Commission's authority."

{¶ 9} Pursuant to Civ.R. 53, the court conducts an independent review of the magistrate's decision. *State ex rel. Findlay Industries v. Crowe,* Franklin

App. No. 02AP–139, 2003-Ohio-663, 2003 WL 321526. Relators claim that the commission abused its discretion in dismissing the complaint based on jurisdictional grounds and by failing to consider whether there was probable cause of a violation of Ohio election laws. An abuse of discretion is not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. *Domsitz v. Ohio Liquor Control Comm.* (Feb. 19, 2002), Franklin App. No. 01AP–810, 2002 WL 233581. Relators maintain that they are *not* asking this court to issue the writ and *require* the commission to find probable cause. Rather, they are asking the commission to exercise jurisdiction and determine whether probable cause exists. For the reasons that follow, we find that the magistrate has properly determined the pertinent facts and applied the applicable law to them.

{¶ 10} Three requirements must be met to entitle relator to the issuance of a writ of mandamus: (1) the relator must establish a clear legal right to the relief requested; (2) relator must demonstrate that respondent is under a clear legal duty to perform the act requested; and (3) relator has no plain and adequate remedy in the ordinary course of the law. *Van Meter,* supra.

{¶ 11} R.C. 3517.153(A) provides that upon the filing of a complaint with the commission, which shall be made by affidavit of any person, on personal knowledge, "the commission shall proceed in accordance with sections 3517.154 to 3517.157 of the Revised Code." If a complaint is to receive an expedited hearing under R.C. 3517.154, which happened with regard to the first complaint, a panel of at least three members "shall hold a hearing on the complaint to determine whether there is probable cause to refer the matter to the full commission for a hearing under section 3517.155." R.C. 3517.156(A).

{¶ 12} At the expedited hearing, the panel shall make only one of the following determinations:

"(1) There is no probable cause to believe that the failure to comply with or the violation of a law alleged in the complaint has occurred. If the panel so determines, it shall dismiss the complaint;

"(2) There is probable cause to believe that the failure to comply with or the violation of a law alleged in the complaint has occurred. If the panel so determines, it shall refer the complaint to the full commission and the commission shall hold a hearing on the complaint under section 3517.155 of the Revised Code not later than ten days after the complaint is referred to it by the panel.

"(3) The evidence is insufficient for the panel to make a determination under division (C)(1) or (2) of this section and further investigation of the complaint is necessary. * * *" R.C. 3517.156(C).

{¶ 13} Relators argue that the panel did not determine whether there was probable cause *on the merits*. Rather, it simply determined that the commission did not have jurisdiction to find a violation under *Buckley,* supra, because the ads at issue did not contain "magic words," or words of express advocacy. However, the commission argues that relators are simply trying to get another chance to have their complaint heard by a full panel of the commission.

{¶ 14} This court addressed the function of the commission in *Dewine v. Ohio Elections Comm.* (1978), 61 Ohio App.2d 25, 31, 15 O.O.3d 28, 399 N.E.2d 99. The court stated:

"* * * [T]he function of the Ohio Elections Commission appears to be somewhat similar to that of a grand jury in felony cases. A prosecution cannot be commenced by merely filing a complaint with the court; rather, there must first be a preliminary determination by the Ohio Elections Commission as to whether a violation has occurred.

"* * * The action by the Ohio Elections Commission is a preliminary to the commencement of a prosecution. Any finding of a violation by the commission must be forwarded to the county prosecutor, who in turn must initiate any criminal prosecution that may ensue. A full opportunity to defend in such prosecution is afforded the alleged violator.

"The purpose of this provision is to prevent the promiscuous filing of criminal charges in court during the heat of a political campaign, requiring instead that a preliminary determination be made by the Ohio Elections Commission prior to the commencement of any prosecution. Additional protection is afforded the alleged violator since the commission may not proceed merely upon probable cause, as is more fully discussed in connection with the cross-assignment of error. Although the requirement of preliminary findings by the Ohio Elections Commission prior to the commencement of a prosecution may constitute a somewhat unusual procedure, the powers conferred upon the Ohio Elections Commission are not judicial powers but are more akin to the powers conferred upon a prosecutor in determining whether to proceed with the prosecution of an alleged violation of law. * * *" Id., 61 Ohio App.2d at 31, 15 O.O.3d 28, 399 N.E.2d 99; *Van Meter,* supra, 78 Ohio App.3d at 294, 604 N.E.2d 775 ("The general lack of any appeal from commission decisions makes sense because, by and large, the commission acts in an investigatory capacity, much like a prosecutor or grand jury.").

{¶ 15} The commission's main purpose then is similar to that of a prosecutor, to consider complaints and weed out those lacking probable cause. Id. At this preliminary review stage, the commission is acting in an executive rather than adjudicative function. *Billis,* supra; *Common Cause 1,* supra. If the commission finds that a complaint lacks probable cause at this preliminary review

stage, there is no right of appeal. *Common Cause 1*, supra. If a complaining party were afforded a right of appeal from the commission's finding of no probable cause, it would obviate one of the purposes served by the commission, that is, to screen away from the courts those matters that lack the requisite degree of probability to warrant the court's attention.

{¶ 16} The court finds that relators have not established a clear legal right to the relief requested. As relators correctly point out, the commission is statutorily required at an expedited hearing either to (1) find probable cause, (2) find no probable cause, or (3) find that there is insufficient evidence to make a determination. R.C. 3517.156(C). If it finds no probable cause, it shall dismiss the complaint. The commission *fulfilled* its statutory duty by holding a probable cause hearing with a panel of three members. The commission went beyond their statutory duty when the full commission heard relators' motion for reconsideration. Contrary to relators' argument, the commission did initially accept "jurisdiction" to hear the complaint but reached a decision contrary to that sought by relators.[1]

{¶ 17} The issues before the commission were whether the ads violated Ohio's election laws, e.g., whether the ads were disseminated to influence the result of any election and whether the statements were false. The commission then discussed Ohio's statutes and the reach of those statutes in light of federal constitutional law. A review of the transcripts reveal that the commission *fully* understood the issues before it and carefully considered the nature of the ads. During these proceedings, various cases were cited and arguments made. The discussion regarding *Buckley* and whether ads must contain express words of advocacy were clearly a debatable issue at that time, as this court had not yet addressed whether express advocacy was required in order to establish a violation of Ohio law.[2] After hearing the arguments and examining the ads at issue in the first complaint, the commission determined that without express words of advocacy, there was no violation. The fact that this court later found

---

1. Relators cite *State ex rel. Portage Lakes Edn. Assn. OEA/NEA v. State Emp. Relations Bd.*, 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853, to support their position. That case states that mandamus is the appropriate remedy to obtain judicial review of orders by SERB and dismissing unfair labor practice charges for lack of probable cause only where SERB abuses its discretion. Id. at ¶ 35. An abuse of discretion means an unreasonable, arbitrary, or unconscionable decision. Id. We do not decide whether this SERB opinion should apply to the commission. However, we note that the court also found that courts should not substitute their judgment for that of the administrative agency. Id. at ¶ 41.

2. The United States Supreme Court had likewise not yet rendered its recent opinion in *McConnell v. Fed. Election Comm.* (2003), —— U.S. ——, 124 S.Ct. 619, 157 L.Ed.2d 491. The *McConnell* case does not change the outcome of this opinion for that reason. The issue regarding whether ads must contain "magic words" was not settled at the time the commission determined no probable cause in this case.

that the commission was wrong in its interpretation does not mean that the commission abused its discretion in finding no probable cause.

{¶ 18} The court finds that mandamus is not an appropriate remedy to review a finding of no probable cause. The commission heard argument on the first complaint and examined the ad in great detail. The subsequently revealed error of the commission was its reliance on *Buckley*. However, the commission acted in accordance with its statutory mandate and made a finding on the record of no probable cause. As the magistrate succinctly stated at ¶ 40, infra:

> "Relator has not been able to cite any cases where a court has ordered a commission or other agency to address the merits of a complaint or other action when the commission or agency has found that probable cause does not exist to proceed with a hearing. Relators likewise have not demonstrated that the commission abused its discretion in this matter. Instead, the commission acted in accordance with its statutes and regulations, all of which grant the commission the discretion to dismiss complaints when the commission finds that there is a lack of probable cause to proceed. R.C. 3517.156(C) specifically provides that the commission may dismiss a complaint for lack of probable cause or find that probable cause exists and submit that complaint for hearing * * *."

{¶ 19} The magistrate further stated that "[n]o matter how relators characterize the relief which they are seeking in this court, the end result is that relators are asking this court to order the commission to proceed with a hearing even though the commission found that probable cause did not exist. That outcome would be tantamount to this court ordering the commission to find probable cause and would be inappropriate." Id. at ¶ 41, infra. Accordingly, mandamus is not appropriate.

{¶ 20} Because the court finds that mandamus is not available to challenge the commission's finding of no probable cause, the court will not address the commission's argument as to whether relators have standing.

{¶ 21} Accordingly, the court adopts the decision of the magistrate and denies the writ of mandamus.

Objections overruled
and writ denied.

LAZARUS, P.J., and DESHLER, J., concur.

DANA A. DESHLER JR., J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

## APPENDIX A

### MAGISTRATE'S DECISION

Rendered on June 4, 2003

### IN MANDAMUS

### ON MOTIONS FOR SUMMARY JUDGMENT

{¶ 22} Relators, Common Cause/Ohio and Alliance for Democracy, have filed this original action requesting that this court issue a writ of mandamus ordering respondent, the Ohio Elections Commission ("commission"), to determine, pursuant to R.C. 3517.153(A) and 3517.155(A)(1), whether violations occurred as alleged in the complaints filed by relators regarding advertisements aired as part of the November 2000 elections of justices to the Ohio Supreme Court.

### Findings of Fact

{¶ 23} 1. Relators filed three separate complaints with the commission concerning four paid political advertisements ("ads") sponsored by Citizens for a Strong Ohio ("CSO") during the period of time leading up to the 2000 elections of Ohio Supreme Court justices.

{¶ 24} 2. The first action was expedited, pursuant to R.C. 3517.156, and submitted to a panel of the commission, which concluded that there was no probable cause and dismissed the complaint in October 2000.

{¶ 25} 3. A panel of the commission concluded that the second and third actions did have probable cause, and the matters were submitted to a full panel. Nevertheless, the commission ultimately granted separate motions for judgment on the pleadings and for summary judgment and dismissed both causes in April 2001.

{¶ 26} 4. Relators appealed all three of the determinations to the Franklin County Court of Common Pleas.

{¶ 27} 5. Persuaded that this court's decision in *Billis v. Ohio Elections Comm.* (2001), 146 Ohio App.3d 360, 766 N.E.2d 198, and the decision of the United States Supreme Court in *Buckley v. Valeo* (1976), 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659, were dispositive of the issues presented, the common pleas court granted the commission's motions to dismiss on the grounds that the commission's decisions were not appealable.

{¶ 28} 6. Relators filed an appeal in this court from the decision of the common pleas court.

{¶ 29} 7. At the same time, relators filed this mandamus action.

{¶ 30} 8. The mandamus action was stayed pending this court's determination of relator's appeal.

{¶ 31} 9. This court issued a decision on October 31, 2002. In *Common Cause/Ohio v. Ohio Elections Comm.* (2002), 150 Ohio App.3d 31, 2002-Ohio-5965, 779 N.E.2d 766, this court distinguished the first complaint, which is the subject of this mandamus action, from the second two complaints. With regard to the first complaint, this court stated as follows:

{¶ 32} "In *Billis,* supra, this court addressed whether the commission's dismissal of an action after a finding of no probable cause gave rise to a right of appeal. Upon a review of the relevant statutes, this court held that it did not, because at the preliminary review stage of the proceedings the commission is to review only the pleadings, evidence, and motions to determine jurisdiction, sufficiency of the complaint, and whether probable cause exists. At that stage, the commission is acting in an executive, rather than in an adjudicative, function, and because a dismissal based on lack of probable cause is not an adjudication there is no provision for appeal. Id., citing *State ex rel. Citizens for Van Meter v. Ohio Elections Comm.* (1992), 78 Ohio App.3d 289, 294, 604 N.E.2d 775.

{¶ 33} "Clearly, this analysis would apply to the first case, in which the commission concluded that there was no probable cause to proceed to a full panel hearing. We therefore find that the trial court did not err in concluding that appellants had no right of appeal from that decision."

{¶ 34} Finding that the second two causes of action were significantly different, this court ultimately concluded that the trial court erred in dismissing the second two causes of action.

{¶ 35} 10. Following time for counsel to speak with their clients, counsel for relators informed the magistrate that relators intended to pursue this mandamus action with regard to the first complaint, which this court determined relators had no right of appeal.

{¶ 36} 11. Relators and respondent have filed motions for summary judgment which are currently before the magistrate.

### Conclusions of Law

{¶ 37} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing (1) that there is no genuine issue as to any material fact; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable

minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. For the reasons that follow, this magistrate concludes that this court should deny relators' motion for summary judgment and should grant summary judgment in favor of respondent.

{¶ 38} Relators contend that they are not asking this court to order the commission to find probable cause. Instead, relators contend that they are only seeking a writ of mandamus ordering the commission to accept jurisdiction and consider the merits of the complaint.

{¶ 39} As this court stated in its October 31, 2002 decision, at the preliminary review stage, the commission is to review only the pleadings, evidence, and motions to determine jurisdiction, sufficiency of the complaint, and whether probable cause exists. At that stage, because the commission is acting in an executive, rather than adjudicative, function and because a dismissal based on lack of probable cause is not an adjudication, there is no provision for appeal.

{¶ 40} Relator has not been able to cite any cases where a court has ordered a commission or other agency to address the merits of a complaint or other action when the commission or agency has found that probable cause does not exist to proceed with a hearing. Relators likewise have not demonstrated that the commission abused its discretion in this matter. Instead, the commission acted in accordance with its statutes and regulations, all of which grant the commission the discretion to dismiss complaints when the commission finds that there is a lack of probable cause to proceed. R.C. 3517.156(C) specifically provides that the commission may dismiss a complaint for lack of probable cause or find that probable cause exists and submit that complaint for hearing in accordance with R.C. 3517.155.

{¶ 41} In the present case, the commission found that probable cause existed with regard to two of the three complaints and, with regard to the commission's ultimate dismissal of those complaints, this court found that relators had a right to appeal. However, the complaint which is the subject matter of this mandamus action was dismissed by the commission upon a finding that probable cause did not exist for the commission to proceed. No matter how relators characterize the relief which they are seeking in this court, the end result is that relators are asking this court to order the commission to proceed with a hearing even though the commission found that probable cause did not exist. That outcome would be tantamount to this court ordering the commission to find probable cause and would be inappropriate.

{¶ 42} Based on the foregoing, this magistrate finds that relators are not entitled to summary judgment, and their motion should be denied.  However, respondent has demonstrated that it is entitled to summary judgment and that this court should enter judgment on behalf of respondent and dismiss relator's complaint.

/s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS
MAGISTRATE