The State ex rel. Ohio Democratic Party v. Blackwell, Secy. of State.

[Cite as State ex rel. Ohio Democratic Party v. Blackwell, 111 Ohio St.3d 11, 2006-Ohio-4659.]

(No. 2006–1678—Submitted September 7, 2006—Decided September 11, 2006.)

———————

Per Curiam.

{¶ 1} This is an expedited election case filed on September 7, 2006, relating to the November 7, 2006 election.

{¶ 2} This cause is now before the court for its consideration of relator's September 7, 2006 petition for the issuance of a commission to take out-of-state depositions.

{¶ 3} Relator seeks a commission (a court order) pursuant to Fla.R.Civ.P. 1.300(b)(2) to take out-of-state depositions of Clint Cline and the designated representative of a company called "Design 4 Advertising, Inc." Relator asserts that Design 4 is an advertising and marketing firm with a principal place of business in Hillsborough County, Florida, and that Cline is believed to be the principal of Design 4 with a residence in Hillsborough County, Florida. According to relator, the entire $1,537,500 contributed by Common Sense Ohio to Common Sense 2006, as of September 6, 2006, was disbursed to Design 4 to produce and air political ads.

{¶ 4} We deny the petition for the following reasons.

{¶ 5} First, nothing in the cited Florida Rule of Civil Procedure authorizes or requires such a commission before a deposition may be taken in Florida of a Florida business or resident. Fla.R.Civ.P. 1.300(b)(2) applies only to the taking of depositions in *foreign countries:*

{¶ 6} "In a foreign country depositions may be taken * * * (2) before a person commissioned by the court, and a person so commissioned shall have the power by virtue of the commission to administer any necessary oath and take testimony."

{¶ 7} The depositions here will evidently be taken in Florida, so Fla.R.Civ.P. 1.300(b)(2) does not apply.

{¶ 8} Second, the only other authority cited by relator in support of its petition for a commission, R.C. 2319.09, Ohio's version of the Uniform Foreign Depositions Act, applies to mandates issued by courts of other states and countries ordering that witnesses be compelled to testify in Ohio. There is no allegation that any other state has required that the prospective deponents be compelled to appear and testify in Ohio.

{¶ 9} Finally, Civ.R. 28(B) appears to permit out-of-state depositions for use in Ohio cases without the necessity of the issuance of a commission:

{¶ 10} "Depositions may be taken outside this state before: a person authorized to administer oaths in the place where the deposition is taken * * *."

{¶ 11} "Civ.R. 28 recognizes that counsel will arrange depositions without court intervention and provides a simple procedure under which the attorney and the court are given wide latitude in selecting the person before whom a deposition may be taken." 2 Klein & Darling, Baldwin's Ohio Civil Practice (2004) 27, Section 28:1. This is also consistent with Fla.R.Civ.P. 1.300(a), which provides, "Depositions may be taken before any notary public or judicial officer or before

any officer authorized by the statutes of Florida to take acknowledgments or proof of executions of deeds or by any person appointed by the court in which the action is pending."

{¶ 12} Based on the foregoing, we deny relator's petition for a commission to take out-of-state depositions. The authorities cited by relator do not apply. At present, it appears that relator can proceed with these depositions without the necessity of court intervention. This case remains pending on the docket for a consideration of the merits following the presentation of evidence and briefs pursuant to S.Ct.Prac.R. X(9).

Petition denied.

MOYER, C.J., LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

RESNICK and PFEIFER, JJ., concur separately.

---

ALICE ROBIE RESNICK, J., concurring.

{¶ 13} For the reasons stated in the majority opinion, I concur that relator's petition for a commission to take out-of-state depositions should be denied. However, I believe that the purpose behind relator's petition may be to have this court appoint a person before whom the depositions could be taken. See Fla.R.Civ.P. 1.300(a) ("Depositions may be taken * * * by any person appointed by the court in which the action is pending"). If that is the intent of relator's petition, it may be possible that a newly filed request on that basis would be granted by this court.

{¶ 14} I also take this opportunity to present a few observations about the substance of this case.

{¶ 15} My initial reaction upon reviewing the complaint was to say, "Here we go again." The events that give rise to this case are strangely reminiscent of events that occurred in the 2000 election. After the group Citizens for a Strong Ohio funded what can only be characterized as "attack ads" in the 2000 election, that group resisted vigorously the necessity to disclose the names of its contributors. See *Ohio Elections Comm. v. Ohio Chamber of Commerce & Citizens for a Strong Ohio*, 158 Ohio App.3d 557, 2004-Ohio-5253, 817 N.E.2d 447; *State ex rel. Common Cause/Ohio v. Ohio Elections Comm.*, 156 Ohio App.3d 544, 2004-Ohio-1594, 806 N.E.2d 1054; *Common Cause/Ohio v. Ohio Elections Comm.*, 150 Ohio App.3d 31, 2002-Ohio-5965, 779 N.E.2d 766.

{¶ 16} In the wake of the much-debated and much-criticized situation that developed in the 2000 election (and spurred by other events as well), the General

Assembly responded by enacting the more stringent statutory disclosure requirements of 2004 Am.Sub.H.B. No. 1, effective March 31, 2005.

{¶ 17} Now, incredibly, even with those more stringent disclosure requirements, Common Sense Ohio and Common Sense 2006, two groups that appear to be tightly connected and that bear a striking resemblance to Citizens for a Strong Ohio, are claiming that no disclosure is required, in an attempt to hide the identities of contributors. It appears that some people will never learn.

PFEIFER, J., concurs in the foregoing opinion.

---

Porter, Wright, Morris & Arthur, L.L.P., Scott E. North, Kathleen M. Trafford, Ralph F. Gildehaus III, Julie L. Atchison, and L. Bradfield Hughes, for relator.