[Cite as *Ashenhurst v. Ohio State Elections Comm.*, 2016-Ohio-777.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| David R. Ashenhurst, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 15AP-184 |
| v. | : | (C.P.C. No. 14CV-10441) |
| Ohio State Elections Commission et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on March 1, 2016

**On brief:** *David R. Ashenhurst,* pro se. **Argued:** *David R. Ashenhurst*

**On brief:** *Mike DeWine,* Attorney General, *Tiffany L. Carwile,* and *Zachery P. Keller,* for appellees. **Argued:** *Tiffany L. Carwile*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Appellant, David R. Ashenhurst, appeals from the February 13, 2015 judgment of the Franklin County Court of Common Pleas granting a motion to dismiss filed by appellee, Ohio State Elections Commission ("Commission"), on grounds that his appeal was untimely. For the reasons that follow, we affirm the judgment of the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Appellant was the complainant against respondent the City of Oberlin in a case before the Commission. On August 28, 2014, the Commission conducted a preliminary review of his complaint. The Commission held a hearing, took evidence, and heard argument. The Commission then voted and found no violation.

{¶ 3} On September 16, 2014, the Commission mailed its order by regular U.S. Mail to appellant. The order contained the following language, some of which was in bold face type:

> On 8/28/2014 after careful consideration of the evidence, the Ohio Elections Commission adopted the following finding(s) in the above referenced matter:
>
> THE COMMISSION FOUND NO VIOLATION.
>
> * * *
>
> **If the decision in this case is adverse to you, this case may be appealed pursuant to Ohio Revised Code §119.12. A Notice of Appeal must be filed within 15 days after the mailing of this Order. The Notice must be filed with the Commission and also at the Clerk's Office for the Franklin County Court of Common Pleas.**

(Emphasis sic.)

{¶ 4} Appellant filed his notice of appeal with the Franklin County Court of Common Pleas on October 8, 2014, 22 days after the Commission had mailed its notice. Appellant attributed his late filing of his notice of appeal to problems with the electronic filing process with the Franklin County Court of Common Pleas, as well what he deemed an untimely response from the Commission for certain records.

{¶ 5} Appellant had applied for a pro se account with the office of the Franklin County Clerk of Courts on October 1, 2014, but "did not understand there would be a delay between the application and the approval of the Clerk's office to use that account and to begin accepting documents." (Memorandum in Opposition to Defense Motion to Dismiss, 2.) Appellant then attempted to file his notice of appeal electronically with the clerk of the Franklin County Court of Common Pleas on October 2 and October 3, 2014, but his filings were not accepted by the clerk's office. He was finally able to file electronically on October 8, 2014, 22 days after the Commission's order was mailed to him.

{¶ 6}   The Commission filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1) contending that appellant failed to strictly comply with the filing requirements for a notice of appeal.

{¶ 7}   The trial court found that the time to file an appeal started to run when the Commission mailed its decision and that appellant failed to timely file a notice of appeal with the common pleas court. The trial court stated that appellant's "arguments regarding problems complying with the electronic filing system and alleged delays by the Commission in responding to a request for information cannot overcome the requirement of strict compliance with the requirements of R.C. 119.12." (Decision and Entry, 3.) Therefore, the trial court determined that the appeal was untimely, that it lacked jurisdiction to entertain the appeal, and that the motion to dismiss should be granted.

## II. ASSIGNMENT OF ERROR

{¶ 8}   Appellant appealed the dismissal to this court assigning as error the following:

> The Court of Common Pleas erred in granting the appellee administrative agency's motion to dismiss on the basis of the reasons advanced in the agency's motion alleging untimeliness under O.R.C. Section 119.12. Appellant's administrative appeal to the Court of Common Pleas was not untimely, especially given the Commission's ten-day delay in responding to a request for its Journal during the fifteen-day window available for an Administrative Appeal.

## III. STANDARD OF REVIEW

{¶ 9}   A motion to dismiss for lack of subject-matter jurisdiction is a question of law, which we review de novo. *Courtyard Lounge v. Bur. of Environmental Health,* 190 Ohio App.3d 24, 2010-Ohio-4442, ¶ 5 (10th Dist.).

## IV. SUPPLEMENTAL BRIEFING

{¶ 10} At oral argument, this court questioned whether the time for appeal had ever begun to run given that the order from the Commission was sent to appellant by ordinary mail and not certified mail. This court requested supplemental briefing by the parties on the following three questions:

> In considering R.C. 119.12, and the requirement that notices of appeal shall be filed within fifteen days after the "mailing of

the notice of the agency's order as provided in this section," was the September 16, 2014 order of the Ohio Elections Commission sent by certified mail? Pursuant to R.C. 119.09 and *Hughes v. Ohio Dept. of Commerce*, 114 Ohio St.3d 47, 2007-Ohio-2877, has the 15-day appeal period contained in R.C. 119.12 commenced if the order was not served by certified mail? What is the effect, if any, of Ohio Adm.Code 3517-1-03(E) in this case?

## V. ANALYSIS

{¶ 11} Chapter 119 of the Ohio Revised Code governs administrative appeals in the courts of common pleas. When the right to appeal is conferred by statute, as it is here, an appeal can be perfected only in the manner prescribed by statute. *Courtyard Lounge* at ¶ 6. In addition, the administrative agency must strictly comply with the procedural requirements of R.C. 119.09 for serving the final order of adjudication or the 15-day period set forth in R.C. 119.12 does not begin to run. *Hughes v. Ohio Dept. of Commerce*, 114 Ohio St.3d 47, 2007-Ohio-2877, paragraph one of the syllabus. *Massey v. Ohio Elections Comm.,* 10th Dist. No. 13AP-20, 2013-Ohio-3498, ¶ 11.

{¶ 12} This raises the question of whether the Commission's administrative rule permitting service of notice of adjudication by regular mail in Ohio Adm.Code 3517-1-03(E) conflicts with the statute requiring service by certified mail as set forth in R.C. 119.09. Administrative agencies, such as the Commission, possess rule-making powers pursuant to a statutory delegation of power; since administrative rules are made pursuant to a statutory delegation of authority, a rule which conflicts with a statute is invalid. *Kelly v. Accountancy Bd. of Ohio*, 88 Ohio App.3d 453, 457 (10th Dist.1993).

{¶ 13} Although our request for supplemental briefing was focused on the issue of certified mail service versus regular mail service, the response from the Commission at the supplemental briefing stage raised a more fundamental jurisdictional issue.

## VI. WAS THE COMMISSION'S DETERMINATION APPEALABLE?

{¶ 14} Before the trial court, the Commission took the position that the proceeding on August 28, 2014 was an adjudication, and that dismissal was proper because Mr. Ashenhurst filed his notice of appeal too late. For example, in its memorandum in support of its motion to dismiss before the trial court, the Commission stated as follows: "This matter arises out of an adjudication by the Ohio Elections Commission of a

complaint filed by David R. Ashenhurst in which the Commission found that there was no violation of the allegations contained in the complaint." (Defendant Ohio Elections Commission's Motion to Dismiss, 2.)

{¶ 15} However, at the supplemental briefing stage, the Commission changed course and took the position that the proceeding was not a full adjudicative hearing, but rather a preliminary review from which no right of appeal exists. The Commission argued as follows:

> Here, the [Commission] was acting in their investigatory and executive function to determine if they even had jurisdiction to consider Mr. Ashenhurst's complaint. Because they were acting in an executive rather than adjudicatory function, there was no right for Mr. Ashenhurst to appeal and no need for the [Commission] to send its order by certified mail. [Citation omitted]. Thus, in answer to the second question, the 15-day appeal period in R.C. 119.12 does not even apply to this case, as there is no statutory authority for Mr. Ashenhurst to appeal the [Commission's] decision on preliminary review.

(Supplemental Brief of Appellee Ohio State Elections Commission, 4-5.)

{¶ 16} Although we are not inclined to address issues that are raised for the first time on appeal, we did request supplemental briefing, and we find that this case is directly on point with a prior decision of this court finding a lack of jurisdiction to pursue an appeal from a preliminary determination by the Commission. Accordingly, we must address the question of whether the trial court had jurisdiction over the attempt to appeal the Commission's determination.

{¶ 17} In *Robinson v. Ohio Elections Comm.*, 10th Dist. No. 04AP-495, 2004-Ohio-6452, the notice the Commission sent to the appellant advising him of his right to appeal was directly at odds with its later claim that the determination being appealed from was not appealable. *Id.* at ¶ 8. In *Robinson*, just as in this case, the appellant received a notice from the Commission advising him of his right to appeal from a determination that no violation of Ohio law occurred and dismissing his complaint. *Id.* at ¶ 2, 3. The appellant filed his notice of appeal in the trial court after the 15-day time period had lapsed, and the trial court dismissed the appeal for lack of jurisdiction. *Id.* at ¶ 3.

{¶ 18} This court found that no right of appeal exists under R.C. 119.12 from a determination by the Commission that no probable cause exists after conducting its preliminary review. *Id.* at ¶ 11. The court determined that at the preliminary review phase, the Commission is acting in an executive, rather than an adjudicative function, and because a dismissal based on lack of probable cause is not an adjudication, there is no provision for appeal. *Id.* citing *Common Cause/Ohio v. Ohio Elections Comm.*, 150 Ohio App.3d 31, 35 (10th Dist.2002).

{¶ 19} The court went on to examine the circumstances of the proceeding from which appellant attempted to appeal, comparing it to the procedures set forth in Ohio Adm.Code 3517-1-11(A) which provides as follows:

> All cases * * * shall be subject to the following provisions. A preliminary review of the allegations shall be held by a probable cause panel or the full commission, at the discretion of the staff attorney to the commission. At the preliminary review stage, the body hearing the case shall review all pleadings, evidence, and motions before it to determine jurisdiction, sufficiency of the complaint, and whether probable cause exists for the full commission to determine whether a violation of Ohio election law has occurred.
>
> (1) At the preliminary review stage of the proceedings, the body hearing the case shall not hear arguments, receive evidence or take testimony unless:
>
> (a) All parties (whether pro se or through counsel) have filed a stipulation agreeing to such procedure and a majority of the members present, in their sole discretion, agree to do so; or
>
> (b) Any member wishes to request specific information which will aid in a proper determination of the matter at the preliminary review stage.

{¶ 20} Thus, if the preliminary review is held before a probable cause panel or the full Commission, the hearing body may dismiss the case if, among other things, no probable cause exists. Ohio Adm.Code 3517-1-11(A)(2)(a) and (e)(i).

{¶ 21} In *Robinson*, the court then went on to examine the proceedings that were held before the Commission finding that the Commission "went beyond examining the pleadings or hearing oral argument. Instead, it swore in witnesses and inquired of the

witnesses." *Robinson* at ¶ 13. The court then determined that even under those circumstances, "the commission's proceedings are closer to a preliminary review than to a full hearing, and its no violation determination closer to a finding of no probable cause than to an adjudication of no violation." *Id.*

{¶ 22} Specifically, nothing in the record before the Commission in the *Robinson* case indicated the Commission set the matter for a full adjudicatory hearing. The evidence showed the Commission conducted only a preliminary review, and consequently, the appellant had no right to an appeal under R.C. 119.12. *Id.* at ¶ 14-15.

{¶ 23} Other cases from this court are in accord with *Robinson*. *State ex rel. Citizens for Van Meter v. Ohio Elections Comm.,* 78 Ohio App.3d 289 (10th Dist.1992), involved a prior legislative scheme governing the Commission, but the reasoning was the same as in *Robinson*. The issue in *Van Meter* was whether political action committees were deprived of due process when the Commission did not comply with statutory service requirements to issue by certified mail copies of its decision. This court held that the "Relators could not be deprived of an appeal by virtue of the commission's noncompliance with any statutory service requirements because there is no appeal in this instance pursuant to R.C. 119.12 or otherwise." *Id.* at 292.

{¶ 24} Similarly, in *Billis v. Ohio Elections Comm.,* 146 Ohio App.3d 360 (10th Dist.2001), this court held there was no provision for anyone to appeal from an action of the Commission dismissing a complaint for lack of probable cause, since such a dismissal is not an adjudication from which an appeal lies. *Id.* at 364.

{¶ 25} Almost identical circumstances to *Robinson* are present in the case before us. The Commission sent notices to appellant, Mr. Ashenhurst, and the City of Oberlin scheduling it for "preliminary review" on August 28, 2014. (Ohio Elections Commission Case Summary, 27, 29.) The Commission reviewed the material submitted by the parties, swore in Mr. Ashenhurst, and heard testimony and argument from him. (Record of Proceedings, 3-7.) It then heard argument from the attorney for the City of Oberlin, and addressed certain questions to the staff attorney present. (Record of Proceedings, 7-12.) It heard additional comments from Mr. Ashenhurst. (Record of Proceedings, 12-14.) The Commission then discussed the matter and voted 5-2 that there was no violation. (Record of Proceedings, 14-18.)

{¶ 26} Based on our review of the record, and the reasoning and precedent in *Robinson*, *Van Meter*, and *Billis*, we are compelled to find that appellant did not have a right to appeal from the Commission's determination of no violation. Because the Commission did not move beyond its executive function, appellant never had a right to appeal under R.C. 119.12. As such, the issue of whether the notice should have been sent by certified mail or regular mail is moot, and the trial court correctly determined that it lacked jurisdiction over appellant's attempt to appeal the order, albeit for a different reason than argued by the Commission and articulated by the trial court.

## VIII. CONCLUSION

{¶ 27} The single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN, P.J. and BROWN, J., concur.

———————————————